UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISEBORO COMMUNITY PARTNERSHIP INC., formerly known as RIDGEWOOD BUSHWICK SENIOR CITIZENS COUNCIL, INC., <br><br>　　　　　　　　　　　　　Plaintiff, <br><br>　　　　　　- against - <br><br>SUNAMERICA HOUSING FUND NO. 682; SLP HOUSING I, LLC; and 420 STOCKHOLM STREET ASSOCIATES L.P, <br><br>　　　　　　　　　　　　　Defendants. | Civil Action No.: __18-cv-__07261 <br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants SunAmerica Housing Fund No. 682 ("SHF 682") and SLP Housing I, LLC ("SLP," and collectively with SHF 682, "Defendants"), by their attorneys Nixon Peabody LLP, hereby remove the civil action bearing Index No. 523152/2018, pending in the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, and in support of such, respectfully state as follows:

　　　　1.　　The bases for federal court jurisdiction over this matter are 28 U.S.C. §§ 1331, 1332, 1340, and 1367.

　　　　2.　　On or about November 15, 2018, Plaintiff RiseBoro Community Partnership Inc. ("Plaintiff" or "RiseBoro") commenced an action styled as *RiseBoro Community Partnership Inc., formerly known as Ridgewood Bushwick Senior Citizens Council, Inc. v. SunAmerica Housing Fund No. 682, et al.* by filing a Summons and Verified Complaint with the Clerk of the Supreme Court of the State of New York, County of Kings, Index No. 523152/2018.

　　　　3.　　Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as **Exhibit A**, the Summons, Notice of Pendency, Verified Complaint, Affidavit of Service upon SLP Housing I, LLC, Affidavit of Service upon SunAmerica Housing Fund No. 682, Affidavit of Service upon 420 Stockholm Street Associates L.P, and a Stipulation extending time to answer, move or

respond to the Complaint, which constitute all of the "process, pleadings and orders" in this action to date, of which Defendants have received copies.

4. The Verified Complaint and Summons was served on Defendants on November 20, 2018, within 30 days of the filing of this Notice of Removal.

## GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

5. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1340 because the action raises necessary, disputed, and substantial issues relating to the federal low income housing tax credit program under the Internal Revenue Code and interpretation of parts of that federal tax law within the alleged causes of action for declaratory relief and breach of contract, and federal jurisdiction over this action does not disturb any congressionally-approved balance of federal and state judicial responsibilities. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

6. Plaintiff alleges that this action concerns a "35-unit low income housing development" developed with the benefit of "Low-Income Housing Tax Credits ('LIHTC')" pursuant to 26 U.S.C. § 42 (*i.e.* the Internal Revenue Code). Compl. ¶ 1.

7. Plaintiff further alleges that Defendants' actions are "at direct odds with Section 42's intent for perpetual not-for profit ownership." Compl. ¶ 1.

8. Plaintiff alleges that the "LIHTC provision of the Internal Revenue Code, Section 42 is a program that leverages private sector and [sic] investment, to develop and perpetuate low-income housing." Compl. ¶ 14.

9. Plaintiff further alleges that "for the tax credits to enure to the benefit of an entity, a developer and an investor (the 'Investor Partner') enter into a partnership that will own the project." Compl. ¶ 17.

2

10. According to Plaintiff, "over a period of ten years, the Investor Partner can claim annual tax credits to offset its tax liabilities over ten to fifteen years so long as the project complies with affordability restrictions (the 'Compliance Period'), avoiding tax-credit recapture" under the LIHTC program. Compl. ¶ 19.

11. Plaintiff alleges that "Section 42 specifically contemplates and incentivizes a not-for-profit organization's purchase of the LIHTC project for a statutorily prescribed below market price, in Section 42(i)(7) (the 'Section 42 ROFR')." Compl. ¶ 19.

12. According to Plaintiff, "Section 42 provides, in pertinent part:

> (A) No Federal income tax benefit shall fail to be allowable to the taxpayer with respect to any qualified low-income building merely by reason of a right of 1st refusal held by the tenants (in cooperative form or otherwise) or resident management corporation of such building or by a qualified nonprofit organization (as defined in subsection (h)(5)(C)) or government agency to purchase the property after the close of the compliance period for a price which is not less than the minimum purchase price determined under subparagraph (B).
>
> (B) Minimum purchase price. For purposes of subparagraph (A), the minimum purchase price under this subparagraph is an amount equal to the sum of—
>
> a. the principal amount of outstanding indebtedness secured by the building (other than indebtedness incurred within the 5-year period ending on the date of the sale to the tenants), and
>
> b. all Federal, State, and local taxes attributable to such sale.
>
> Except in the case of Federal income taxes, there shall not be taken into account under clause (ii) any additional tax attributable to the application of clause (ii)."

Compl. ¶ 20.

13. Plaintiff alleges that the "Restated Agreement (as hereinafter defined) [i.e. the Partnership Agreement] granted a Section 42 ROFR to RiseBoro in Section 12.03." Compl. ¶ 21.

14. Plaintiff alleges that the "[Section 42] ROFR cannot be interpreted purely under New York common law, but must be interpreted consistent with the statutory scheme of Section 42 as mandated by the Restated Agreement." Compl. ¶ 59.

15. Thus, Plaintiff invokes the benefits and protections of Section 42 of the Internal Revenue Code in connection with the relief it seeks.

16. Plaintiff further alleges that "Section 42 [of the Internal Revenue Code] neither includes nor implies a bona fide third-party offer as a condition precedent for a ROFR holder to exercise its ROFR and such a limitation is inconsistent with the statutory scheme of Section 42 . . . ." Compl. ¶ 52.

17. Thus, Plaintiff plainly seeks an interpretation of Section 42 of the Internal Revenue Code in connection with the relief it seeks.

18. Plaintiff's allegations raise a necessary and disputed issue of interpretation and application of 26 U.S.C. § 42(i)(7) and the entire federal Low Income Housing Tax Credit program, including its very purpose.

19. This federal issue is substantial because it has national scope and applies to hundreds or thousands of multifamily low-income housing developments nationwide that are financed by private investors under the LIHTC program who have granted rights to acquire property to a federally-qualified non-profit organization under Section 42(i)(7).

20. The federal issue is substantial as it requires clear and uniform interpretation and application, pursuant to Congressional intent, regulations implemented by the Internal Revenue Service, and regulatory guidance issued by the Internal Revenue Service consistent with state law and contract rights.

21. The U.S. Congress also made it clear that disputes "arising under any Act of Congress providing for internal revenue . . ." may be brought in the district courts of the United

States pursuant to 28 U.S.C. § 1340. Plainly, this dispute, as characterized and pled by Plaintiff, involves the federal low income housing tax credit program under Section 42 of the Internal Revenue Code and is thus a dispute under an Act of Congress providing for internal revenue.

22. Federal jurisdiction over this action is not likely to disturb the federal and state judicial balance of responsibilities, since the issues in this case are unique and specific to the application of federal provisions as they relate to low-income housing developments established pursuant to Section 42 of the Internal Revenue Code.

**B. Diversity Jurisdiction**

23. This Court also has subject matter jurisdiction over this action because the Plaintiff, SHF 682, and SLP are diverse, and the citizenship of 420 Stockholm Street Associates L.P. should be disregarded as it is a formal or nominal party (as agreed by plaintiff) without any adverse interest against any party in the action. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92-93 (2005). Moreover, the amount in controversy exceeds the monetary threshold for diversity jurisdiction.

24. Plaintiff alleges that "RiseBoro is a New York not-for-profit corporation organized and existing under the laws of the State of New York, with its principal place of business at 565 Bushwick Avenue, Brooklyn, New York 11206." Compl. ¶ 2.

25. Defendant SHF 682 is a foreign limited partnership, organized and existing under the laws of the State of Nevada, with its principal place of business in Los Angeles, California.

    a. The partners in SHF 682 are as follows: (i) its general partner is SAFG Retirement Services, Inc., a Delaware corporation with a principal place of business in Los Angeles, California; and (ii) its limited partners are: (A) SunAmerica Affordable Housing Partners 162 ("SAAHP 162"), which is a limited partnership formed under the laws of Nevada with a principal place of business in Los Angeles, California; and (B) SunAmerica Affordable

5

        Housing Partners 93 ("SAAHP 93"), which is a limited partnership formed under the laws of Nevada with a principal place of business in Los Angeles, California.

b.     The partners in SAAHP 162 are a general partner (i) SAHP 162, L.P., a Nevada limited partnership with a principal place of business in Carson City, Nevada; and a (ii) limited partner, FNBC Leasing Corporation, formed and existing under the laws of Delaware with a principal place of business in Los Angeles, California.

c.     The partners in SAAHP 162, L.P. are a general partner (i) SAFG Retirement Services, Inc. (f/k/a AIG Retirement Services, Inc.), a Delaware corporation with a principal place of business in Woodland Hills, California; and (ii) individuals as limited partners, none of whom resides in New York.

d.     The partners in SAAHP 93 are: (i) its general partner, SAHP 93, L.P., a limited partnership formed under Nevada law with a principal place of business in Reno, Nevada, and (ii) seven individuals as limited partners, none of whom resides in New York.

e.     The partners in SAHP 93, L.P. are: (i) general partners (A) SAFG Retirement Services, Inc., a Delaware corporation with a principal place of business in Woodland Hills, California, and (B) SA Affordable Housing, LLC, a limited liability company formed under Delaware law with a principal place of business in Woodland Hills, California; and (ii) limited partner CED 42, LLC, a limited liability company formed under Delaware law.

  f. The sole member of SA Affordable Housing, LLC is: American General Life Insurance Co., a Texas Corporation with a principal place of business in Houston, Texas.

  g. Upon information and belief, and based on a reasonable investigation of information presently available, the members of CED 42, LLC are diverse from Plaintiff.

26. Defendant SLP is a limited liability company formed under Nevada law with a principal place of business in Los Angeles, California. The sole member of SLP is SunAmerica Affordable Housing Partners, Inc., a corporation formed and existing under the laws of California with a principal place of business in Los Angeles, California.

27. Accordingly, there exists complete diversity between Plaintiff and Defendants SHF 682 and SLP.

28. Upon information and belief, and without admitting, and expressly denying the validity of Plaintiff's causes of action, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

29. Plaintiff does not assert any cause of action against 420 Stockholm Street Associates L.P. The Complaint defines only SHF 682 and SLP as Defendants: "SunAmerica Housing Fund No. 682 ('SunAmerica') and SLP Housing I, LLC ('SLP') (collectively, 'Defendants')." Compl. pref.

30. Plaintiff asserts that 420 Stockholm Street Associates L.P. (the "Partnership") "is named as a nominal defendant . . ." Compl. ¶ 7.

31. Upon information and belief, the Partnership has not appeared through counsel in this action.

32. The Partnership is not and cannot be a party to the Restated Agreement, as referenced in the Complaint.

33. The Partnership does not assert any adverse or disputed position or interest with regard to Plaintiff's causes of action or Defendants' anticipated defenses.

34. Therefore, pursuant to 28 U.S.C. § 1441, the United States District Court for the Eastern District of New York has jurisdiction over this action under 28 U.S.C. § 1332(a), due to the complete diversity of citizenship between Plaintiff and all non-nominal Defendants and because the amount in controversy exceeds the statutory monetary threshold.

**C.    Venue**

35. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the Eastern District of New York is the district and division within which the state court lawsuit is pending.

**D.    Other Matters**

36. Defendants have filed a Civil Cover Sheet contemporaneously with the filing of this Notice.

37. Attached hereto as **Exhibit B** is a true and correct copy of the electronic docket for this action, currently pending in the Supreme Court of New York, County of Kings.

38. Defendants SHF 682 and SLP were served with a copy of the Verified Complaint on November 20, 2018. Accordingly, this Notice of Removal is timely filed within thirty (30) days of receipt of the Verified Complaint.

39. Pursuant to the foregoing, 420 Stockholm Street Associates L.P. is a nominal party. Accordingly, its consent to removal of this action is not required. *See Ok Yeon Cho v. District of Columbia*, 547 F. Supp. 2d 28 (D.D.C. 2008). SHF 682 and SLP file this Notice of Removal jointly. Accordingly, all Defendants, other than nominal or formal parties, consent to removal.

40. The time in which Defendants SHF 682 and SLP must answer, move against, or otherwise respond to the Verified Complaint was extended through and including January 31, 2019, pursuant to the procedures of the Supreme Court of the State of New York, County of Brooklyn, by a Stipulation filed on December 12, 2018, and Plaintiff has consented to an order from this Court adopting the same extension of the deadline otherwise set by the Federal Rules of Civil Procedure.

41. Written notice of the filing of this Notice will be given promptly to all adverse parties and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, as provided by 28 U.S.C. § 1446(d).

42. Defendants file this Notice of Removal solely for the purpose of removing the action pending in the Supreme Court of the State of New York, County of Kings, Index No. 523152/2018, and they do not waive, and specifically reserve, any and all defenses which might be available to them.

## CONCLUSION

43. As demonstrated above, the requirements of 28 U.S.C. §§ 1331, 1332, 1340, 1367, 1441, and 1446 have been met. This Court has jurisdiction over this action, and this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because it is a civil action of which this Court has original jurisdiction. Further, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial pleading as required by 28 U.S.C. § 1446(b). Removal is therefore proper.

**WHEREFORE**, Defendants SHF 682 and SLP respectfully request that the action now pending in the Supreme Court of the State of New York, County of Kings, bearing Index No. 523152/2018, and entitled *RiseBoro Community Partnership Inc., formerly known as Ridgewood Bushwick Senior Citizens Council, Inc. v. SunAmerica Housing Fund No. 682, et al.*, be removed to this Court.

Dated:  December 20, 2018                                  Respectfully submitted,
        Jericho, New York                                  **NIXON PEABODY LLP**

        By:  */s/ Juan Luis Garcia*
            Juan Luis Garcia, Esq.
            50 Jericho Quadrangle, Suite 300
            Jericho, New York 17530
            (516) 832-7500

*Attorneys for Defendants Sunamerica Housing Fund No. 682 and SLP Housing I, LLC*

TO:

GOLDSTEIN HALL PLLC
Brian J. Markowitz, Esq.
80 Broad Street, Suite 303
New York, New York 10004
(646) 768-4100

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISEBORO COMMUNITY PARTNERSHIP INC., formerly known as RIDGEWOOD BUSHWICK SENIOR CITIZENS COUNCIL, INC.,<br><br>                          Plaintiff,<br><br>- against -<br><br>SUNAMERICA HOUSING FUND NO. 682; SLP HOUSING I, LLC; and 420 STOCKHOLM STREET ASSOCIATES L.P,<br>                          Defendants, | Civil Action No.:  18-cv-07261<br><br>**CERTIFICATE OF SERVICE** |

       The undersigned attorney hereby certifies that on the 20th day of December, 2018, a true and correct copy of the foregoing Notice of Removal was served via the New York State Unified Court Electronic Filing System upon the following:

       GOLDSTEIN HALL PLLC
       Brian J. Markowitz, Esq.
       80 Broad Street, Suite 303
       New York, New York 10004
       (646) 768-4100

Dated:  December 20, 2018
         Jericho, New York

                                                              */s/ Juan Luis Garcia*
                                                               Juan Luis Garcia