

Client Focused. Results Driven.

January 17, 2019

**VIA ECF AND HAND DELIVERY**
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Riseboro Community Partnership Inc., against
SunAmerica Housing Fund No. 682, et al.
Docket No. 18-cv-07261 (RJD)
**LETTER REQUESTING WAIVER OF PRE-MOTION CONFERENCE**

Hon. Judge Dearie:

       This office represents plaintiff in the above referenced action currently pending before your Honor. As your Honor may be aware, this action was originally commenced in the New York State Supreme Court, County of Kings and seeks both declaratory relief and breach of contract related to the exercise of a right of first refusal contained in a limited partnership agreement, related to the ownership of a low-income housing apartment complex.

       Shortly after the commencement of the action, on December 20, 2018, Defendants SunAmerica Housing Fund 682 ("SunAmerica") and SLP Housing I, LLC's ("SLP") (collectively, "Defendants") filed a Notice of Removal removing the proceeding to this Court. On December 28, 2018, my associate Daniel Goldenberg contacted Chambers to inquire as to whether a Pre-Motion letter was necessary. The basis for believing that a pre-motion letter was not necessary was two fold, to wit, your Honor's individual rules state at III(A) that a Pre-Motion conference is required for any "dispositive motions or motions for change of venue..." and secondly, III(F) which states that if a party in good faith concludes that requesting a conference would deprive a party of a substantive right, the party may file the motion, along with an explanation as to the basis for the conclusion. With respect to this action, the motion is not a dispositive motion nor a motion for change of venue. The motion is a motion to remand the action back to State Court. As such it was not believed that the motion fell within your Honor's individual rules at III(A). Additionally, because 28 U.S. Code § 1447(c) provides that a motion for remand must be made within 30 days after filing of the notice of removal, Plaintiff believed that Rule III(F) would apply. After a brief conversation with your Honor's law clerk, wherein Mr. Goldenberg believed that the clerk did in fact directly ask your Honor while on the phone, Mr. Goldenberg was told that the pre-motion conference was not necessary, and we were directed to file the subject motion.



Client Focused. Results Driven.

Hon. Raymond J. Dearie
Jan. 17, 2019
Page **2** of **3**

In preparation for the filing of the motion, this office reached out again to Chambers to inquire if your Honor had a specific return date for the motion. At that time, the issue of the pre-motion conference was raised by Chambers. Chambers advised that this office write this letter, requesting that the requirement of a pre-motion conference be waived.

However, to the extent that your Honor will require a pre-motion conference, we ask that your Honor accept this letter as a request for a pre-motion conference and that this letter serve as timely service under 28 U.S. Code § 1447(c) in the same manner that III(A) provides for timely service under Rule 12.

The grounds for the subject motion are, in essence, that the Notice of Removal did not properly set forth grounds for the action's removal as the action does not present a federal question. Specifically, the Supreme Court has held that "Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The instant action fails this test on all four grounds. None of the causes of action raised in the complaint plead a federal claim. None of the causes of action claim an affirmative violation of a federal law.

In short, Defendants claim that federal jurisdiction is necessary because the causes of action allegedly raise federal issues arising from 26 U.S. Code § 42, which provides for certain tax credits in low-income housing. At issue in the action is that upon the expiration of the tax credit period, whether the contractual right of first refusal is triggered in a similar manner as a common law right of first refusal, or whether the right of first refusal is exercised for the minimum purchase price set forth in 26 U.S. Code § 42. As the Southern District has held, "the fact that a contract incorporates a definition from federal law does not, in itself, mean that the contract 'necessarily raises' a federal issue." *CWCapital Cobalt VR Ltd. v CWCapital Investments LLC*, 17 CIV. 9463 (GBD), 2018 WL 2731270, at 4 (SDNY May 23, 2018).

Further, the action does not present the court with any substantive federal issues. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Thus, the "'mere presence' of a federal issue in a state cause of action does not confer jurisdiction." *Veneruso v. Mt. Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 622 (S.D.N.Y. 2013) (*quoting Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 813 (1986)). Defendants argue that there is national scope to this dispute and this a substantial federal issue is triggered. However, Defendants ignore the fact that low income housing tax credits are federally allocated tax credits that are administered by the States through State Housing Finance Agencies. Thus the question at issue here is uniquely a State law issue and not a national federal issue as Defendants attempt to allege.

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
NYC 646.768.4100   F 646.219.2450   E info@goldsteinhall.com   W www.goldsteinhall.com



Hon. Raymond J. Dearie
Jan. 17, 2019
Page 3 of 3

Lastly, Defendants attempt to bypass federal question and alternatively premise their removal on an allegation of diversity of citizenship. Defendants attempt to argue that 420 Stockholm Street Associates L.P. ("420 LP") is a nominal party and its citizenship is not counted in regard to diversity. This is a misleading and false statement. 420 LP is the owner of the property at issue in this action, which Plaintiff is seeking to purchase through the exercise of its right of first refusal. As such, 420 LP's pecuniary interests and its ability to own and control real property are squarely at stake and thus are much more than a nominal party who's citizenship can be disregarded for purposes of diversity.

Accordingly, Plaintiff's respectfully request that this Court dispense with the need for a pre-motion conference, as the motion does not fall within one of the motion categories that require such a conference under the Court's individual practice rules. Alternatively, we ask that your Honor accept this letter as a request for a pre-motion conference and that this letter serve as timely service under 28 U.S. Code § 1447(c) in the same manner that your Honor's individual practice rule III(A) provides for timely service under Rule 12.

Very truly yours,

Brian J. Markowitz

CC: Nixon Peabody LLP
Attn: Juan Luis Garcia, Esq.
Attorneys for Defendants
SunAmerica Housing Fund 682
and SLP Housing I, LLC's
(VIA ECF)