**GOLDSTEIN HALL PLLC**
Attorneys for Plaintiff
*Riseboro Community Partnership Inc.,*
*formerly known as Ridgewood Bushwick*
*Senior Citizens Council, Inc.*
80 Broad Street, Suite 303
New York, New York 10004
(646) 768-4127
BY:    Brian J. Markowitz (BM-9640)
        bmarkowitz@goldsteinhall.com

        Daniel Goldenberg (DG-1337)
        dgoldenberg@goldsteinhall.com

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RISEBORO   COMMUNITY   PARTNERSHIP   INC.,
formerly known as RIDGEWOOD BUSHWICK SENIOR
CITIZENS COUNCIL, INC.,                                                                   Docket No. 18-cv-07261 (RJD)

                                                            Plaintiff,


                    -against-


SUNAMERICA   HOUSING   FUND   NO.   682,   SLP
HOUSING   I,   LLC,   420   STOCKHOLM   STREET
ASSOCIATES L.P.,

                                                            Defendants.
------------------------------------------------------------------------x

**DECLARATION IN SUPPORT OF RISEBORO**
**COMMUNITY PARTNERSHIP INC.'S**
**<u>MOTION TO REMAND TO STATE COURT</u>**

**TO THE HONORABLE RAYMOND J. DEARIE**
**UNITED STATES DISTRICT COURT JUDGE:**

                **BRIAN J. MARKOWITZ,** declares under penalty of perjury that the following is

true and correct:

                1.        I am a partner in the law office of Goldstein Hall PLLC, attorneys for

Riseboro Community Partnership Inc., formerly known as Ridgewood Bushwick Senior Citizens

Council, Inc., ("Riseboro").  As such, I am fully familiar with the facts and circumstances set forth herein based upon a review of the files maintained by my office in connection with this matter.

2.      I submit this declaration in support of Riseboro's motion for an Order, pursuant to 28 U.S.C. § 1447(c), remanding the instant action back to the New York State Supreme Court, Kings County ("State Court"), on the grounds that, the action does not present any federal questions and the parties are not diverse.

3.      This action was commenced on November 15, 2018 in State Court to secure declaratory judgments as to the interpretation of a contract that is expressly governed by New York State law, along with legal and equitable relief arising out of Sunamerica Housing Fund 682 ("SunAmerica") and SLP Housing I, LLC's ("SLP") (collectively, "Defendants") breaches of the contract.  A copy of the Complaint is annexed hereto as Exhibit "A".  On December 20, 2018, Defendants filed a Notice of Removal, removing the proceeding to this Court.  A copy of the Notice of Removal is annexed hereto as Exhibit "B".

4.      As more fully discussed in the accompanying Memorandum of Law, the Notice of Removal attempts to invoke federal question jurisdiction over this action, and as a back up argument, attempts to argue that the parties are diverse and thereby trigger diversity jurisdiction. However, Plaintiff will demonstrate, that contrary to the claims of Defendants, this action does not present a federal question, that this action squarely presents State Court issues of contract interpretation, which at best, merely utilize a Federal Statute as background and for definitional purposes.  Further, the parties are not diverse, as one defendant, 420 Stockholm Street Associates L.P. (the "420 LP"), like Plaintiff, maintains New York State citizenship.  Defendants attempt to hold them as a nominal party are unavailing and must be disregarded.  As such, Plaintiff's actions must be remanded to State Court.

This action concerns the interpretation of a contractual right of first refusal (the "ROFR") granted to RiseBoro (or its designee) in the Amended and Restated Agreement of Limited Partnership of the 420 LP (the "Restated Agreement"). The ROFR grants Riseboro the right to purchase a low-income housing tax credit ("LIHTC[1]") project located at 420 Stockholm Street, Brooklyn New York (the "Apartment Complex") from the LP after the end of the 15 year Compliance period[2] pursuant to Section 12.03 of the Agreement. Upon the expiration of the Compliance period, Riseboro informed the Defendants that it intended to exercise the ROFR and the Defendants refused, stating that Riseboro cannot exercise the ROFR unless Defendant, SLP consents to such a purchase and that, Riseboro cannot exercise its ROFR unless a *bona fide* third party offer is made and the Defendants are willing to sell.  Fundamentally, the instant action seeks a declaratory judgment that the Restated Agreement neither contains limiting nor consenting requirements for Riseboro to exercise its ROFR and, moreover, the ROFR must be read in the context of the Restated Agreement and not a typical common law ROFR.[3]

5.      Unable to resolve the disagreement, Riseboro commenced this Action and asserted four causes of action: (i) declaratory relief for an order declaring that, *inter alia*, no condition precedent, other than the end of the 15 year Compliance period pursuant to the Restated

---

[1]     The LIHTC provision of the Internal Revenue Code, 26 U.S.C. § 42 ("Section 42") is a program that leverages private sector underwriting and investment, to develop and perpetuate low-income housing, through the utilization of certain tax credits. Typically, the deals involve a developer (here, Plaintiff) and an investment partner (here, Defendants) which enter into a limited partnership to own the Project (here, 420 LP).  In exchange for 99% of the tax credits, the investment partner makes a series of capital contributions to finance the project.

[2]     As set forth in the Complaint, the Compliance Period refers to that period of time that the investment partner can utilize the tax credits, specifically, for 15 years, so long as the project complies with affordability restrictions.

[3] It is from this point that Defendants' Notice of Removal extracted so many of its quotes; the Complaint merely informed the reader of the nature of the Restated Agreement and the statutory context from which the Restated Agreement was born. Defendants' list of quotes is misleading and detracts from the already nuanced federal question analysis.

Agreement's Section 12.03, is required for Riseboro to exercise its ROFR; (ii) declaratory relief for an order declaring that, *inter alia*, the ROFR provided and pursuant to the Restated Agreement's Section 12.03 is not a right of first refusal which is to be construed solely under New York law, but must be instead consistent with the LIHTC statutory scheme; (iii) a judgment directing Defendants to specifically perform all of their obligations and sell the Apartment Complex to Riseboro; and (iv) money damages in an amount to be determined at trial, but believed to be no less than $10,000,000.00 against each of the Defendants for breaching the Restated Agreement.

**A.    The Complaint Does Not Raise any Federal Questions.**

6.    Even a cursory reading of the Complaint reveals that it does not raise a federal question.  As more fully discussed in the accompanying Memorandum of Law, in order to assert federal jurisdiction over a state law claim, the party who sought removal must prove that a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

7.    It is axiomatic that the party favoring removal, here the Defendants, shoulders the burden of proof that removal was proper, and that such burden is a heavy one.  The removal statute is narrowly construed, and in fact, any uncertainty is to be resolved in favor of remanding the case back to State Court, supporting a Plaintiff's right to choose its forum.

8.    Here, Defendants cannot satisfy each of the four elements, as the causes of action here do not present a federal question.  The Complaint asserts state law claims for declaratory injunction and breach of contract, which requires the Court to interpret the Restated Agreement.  While interpretation of the Restated Agreement will require a review of Section 42,

4

none of the causes of action assert a direct claim under Section 42 and the language of Section 42 does not provide for such a claim.

        9.     The Complaint does not assert any actually disputed federal issues. Defendants cannot show that the Complaint necessarily raises federal questions or that the claims are premised on federal law.  In other words, the complaint does not require the court to make a determination of rights and liability under federal law.  The causes of action require the courts to apply federal law to a state law claim, which, by definition, does not arise to the level of asserting a federal claim and invoking federal question jurisdiction.

        10.    Plaintiff's first cause of action for a declaratory judgment as to whether the Agreement contains a condition precedent for Plaintiff to exercise its ROFR is plainly devoid of any federal issue. This cause of action requires nothing more than a reading of the Restated Agreement's plain language.  Even a cursory reading of the first cause of action reveals that no federal issues are raised.  Contract interpretation, and the rights and liabilities raised by contracts, such as the Restated Agreement is a state-law claim.  At most, the inclusion of Section 42 in the first cause of action requires the court to apply federal law in a state-law claim, and as in such, does not suffice to impose federal question jurisdiction.  It is axiomatic that the fact that a contract incorporates a definition from federal law does not, in itself, mean that the contract necessarily raises a federal issue.  Here, the fact that the pleadings reference the definition of a federal law cannot rise to the level of raising a federal issue.

        11.    Riseboro's second cause of action seeks a declaratory judgment as to whether the ROFR is to be interpreted solely under New York common law likewise does not necessarily raise a federal issue. By untethering the ROFR from New York common law, in an effort to interpret the Agreement in a manner that is consistent with Section 42, Riseboro does not

allege a claim rooted exclusively in federal law.  On the contrary, Riseboro merely asserts that the

Agreement's incorporation of Section 42, together with its omission of common-law condition

precedents to trigger a right of first refusal (such as a willing seller and a bona-fide third party

offer) yields a right of first refusal that is separate and distinct from a common law right of first

refusal. In other words, the subject right of first refusal is a distinct product of interpreting the

Restated Agreement which is governed by New York law and it is not a product of questioning a

federal law or issue.

12.    Riseboro's third and fourth causes of action for specific performance or

monetary damages as a result of Defendants having breached the Restated Agreement do not

necessarily raise a federal issue. Both causes of action are pure state law claims that are resolved

upon the application of the judgments fashioned for the Plaintiff's first and second causes of action.

13.    Furthermore, the complaint does not raise any substantial federal issue.  It

is axiomatic that "federal jurisdiction demands not only a contested federal issue, but a substantial

one.  The mere presence of a federal issue in a state cause of action does not confer jurisdiction.

14.    The sole issue raised by Defendants to allegedly address the issue of a

substantial federal issue is the allegations in the Notice of Removal:

> The federal issue is substantial as has a National
> scope and applies to hundreds or thousands of
> multifamily low-income housing developments
> nationwide that are financed by private investors
> under the LIHTC program who have granted rights
> to acquire property to a federally qualified non-profit
> organization under Section 42(i)(7). and
>
> the federal issue is substantial as it requires clear and
> uniform interpretation and application, pursuant to
> Congressional intent, regulations, implemented by
> the Internal Revenue Service, and regulatory
> guidance issued by the Internal Revenue Service
> consistent with state law and contract rights;

Notice of Removal, Exhibit "B" hereto, at ¶¶ 19 and 20.

15.     However, contrary to this loose interpretation of whether an issue raises a substantial federal issue, Defendants arguments are just plain wrong.   First, the underlying Complaint asserts causes of action sounding in breach of contract. Thus, any interpretation of Section 42 *vis-à-vis* the Restated Agreement, will naturally turn on the actual language of the Restated Agreement.   Therefore, any national impact of this litigation is mitigated by the fact that this case will apply this Restated Agreement, to this set of facts and a decision will be rendered. Applying different contracts, with different ROFRs, against Section 42 may arrive at different conclusions.   Accordingly, there is little chance for any true national impact.

16.     Further, Defendants clearly ignore the fact that the LIHTC program, is uniquely state specific.   For instance,  the LIHTC tax credits that Plaintiffs are using to underscore their federal substantive issue argument, are federally allocated tax credits that are administered by the States through State Housing Finance Agencies ("HFA").   As stated by the United States Government Accountability Office:

> IRS relies on [State] HFAs to administer and oversee the LIHTC program in their states. In addition to awarding tax credits to qualified projects, HFAs are responsible for:
>
> •      determining the amount of credit needed for the financial feasibility of each project and its viability as a qualified low-income housing project through the 10-year credit period. HFAs make determinations (1) when the application is received, (2) when the allocation of the credit is completed, and (3) when the building is placed in service and the taxpayer submits a final cost certification.
>
> •      monitoring LIHTC properties for compliance with program requirements (for example, health and safety standards, rent ceilings, income limits, and tenant     qualifications).     Findings     from     HFA

monitoring are provided to IRS on noncompliance or building disposition (form 8823). Taxpayer noncompliance with LIHTC requirements may result in IRS denying claims for the credit in the current year or recapturing—taking back—credits claimed in prior years.

**Once IRS monitoring of LIHTC projects ends after year 15, HFAs have sole authority to monitor compliance for at least another 15 years, and the taxpayer must ensure that the project continues to meet program requirements**, as defined in the project's extended use agreement with the HFA. If a project were found to be noncompliant, the HFA could take action, such as litigation under state law.

*U.S. Gov't Accountability Off., Gao-15-330, Low-Income Housing Tax Credit: Joint IRS-HUD Administration Could Help Address Weaknesses In Oversight* 1 N.1 (2015) (emphasis added). S*ee also* Brandon M. Weiss, *Residual Value Capture in Subsidized Housing*, 10 Harv L & Pol'y Rev 521, 534 (2016) ("The IRS, however, leaves it to states to conduct all compliance and enforcement after Year-15…)

17.     Indeed, the LIHTC program was specifically designed to divest the federal government of all administrative, compliance, and supervisory powers to State agencies (especially after Year 15), who in turn were work with local organizations to fulfill community development objectives – all of which are different from city to city and from state to state and, therefore, this Action, even if considering LIHTC as a point of reference, does not raise a substantial federal issue.

18.     Lastly, applying federal question jurisdiction over Plaintiff's complaint would disrupt the federal state balance.  As set forth in the accompanying memorandum of law, the Second Circuit has been clear that attaching federal question jurisdiction to state law causes of action, which do not raise a substantial federal question, and where, as here, it is not particularly

8

important in maintaining the federal-state balance that the federal courts claim jurisdiction over the state contract claim, federal question jurisdiction does not lie.  It is of no import for Defendants that the State Court may rely on a definition or application of Section 42 to determine the claims, the claims themselves, are state law claims, that do not otherwise raise a federal question or a substantial federal issue.  As such, Plaintiff's motion to remand must be granted.

**B.    Defendants cannot rely of Diversity Jurisdiction to Remove this Action from State Court**

19.    Defendants attempt to argue that the Court has subject matter jurisdiction over this action on the basis of diversity.  For this argument, Defendant argues that the Court must disregard the citizenship of 420 LP.  This argument is patently false as 420 LP's pecuniary interests are at issue in this action.

20.    The party that removes the action to federal court has a heavy burden of proving by clear and convincing evidence that a court should disregard the citizenship of a non-diverse party, by setting forth one of the following: (a) that there has been outright fraud committed in the plaintiff's pleadings, or (b) that there is no possibility based on the pleadings that a plaintiff can state a cause of action against the non-diverse defendants in state court.

21.    Defendants have not alleged in their Notice of Removal that Plaintiff has committed any fraud in naming 420 LP as a party defendant.  Instead, based on an incomplete quote from the Complaint, alleges that 420 LP is a nominal defendant and therefore its citizenship can be disregarded.  420 LP is the owner of the real property ultimately at issue in this action.  420 LP is the owner of the property which Plaintiff hopes to purchase via specific performance, the pleadings expressly state that LP's "interest will be affected by the outcome of this action." It is axiomatic that the party which may lose ownership of all or substantially all its assets has a real connection to the action.  Indeed, the Defendants failed to show, with specificity that the facts as

9

stated in the complaint, under the present law of the forum state, form no basis for recovery against the defendant who defeats diversity. As such, any judgment rendered in this action clearly and undeniably affects the rights of 420 LP, 420 LP's pecuniary interest, and its ability to own and control real property and therefore it is much more than a nominal party who's citizenship can be disregarded for purposes of diversity.  Accordingly, diversity jurisdiction cannot provide the Defendants with an independent reason to remove this action from the State Court and therefore this action must be remanded back to the New York State Court.

WHEREFORE, for all of the reasons set forth herein and in the accompanying memorandum of law, Plaintiff's motion to remand must be granted in its entirety, along with an award of costs and attorneys fees, and such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
January 22, 2019

By:   S/BRIAN J. MARKOWITZ
BRIAN J. MARKOWITZ