**GOLDSTEIN HALL PLLC**
Attorneys for Plaintiff
*Riseboro Community Partnership Inc.,*
*formerly known as Ridgewood Bushwick*
*Senior Citizens Council, Inc.*
80 Broad Street, Suite 303
New York, New York 10004
(646) 768-4127
BY: Brian J. Markowitz (BM-9640)
   bmarkowitz@goldsteinhall.com

   Daniel Goldenberg (DG-1337)
   dgoldenberg@goldsteinhall.com

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

RISEBORO COMMUNITY PARTNERSHIP INC.,
formerly known as RIDGEWOOD BUSHWICK SENIOR
CITIZENS COUNCIL, INC.,

               Docket No. 18-cv-07261 (RJD)

         Plaintiff,

    -against-

SUNAMERICA HOUSING FUND NO. 682, SLP
HOUSING I, LLC, 420 STOCKHOLM STREET
ASSOCIATES L.P.,

         Defendants.

-------------------------------------------------------------------------x

**RISEBORO COMMUNITY PARTNERSHIP
INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO REMAND TO
STATE COURT**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................I

TABLE OF AUTHORITIES .........................................................................................II

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..................................... 2

ARGUMENT................................................................................................................. 4

    POINT I   FEDERAL QUESTION JURISDICTION OVER RISEBORO'S CAUSES OF ACTION DOES NOT EXIST ........................................................... 4

        A.  No Federal Claim is Asserted............................................................ 6

        B.  No "Actually Disputed" Federal Issue is "Necessarily Raised" by Plaintiffs' Causes of Action............................................ 7

        C.  The Instant Action Does Not Present Any Substantial Federal Issues ..................................................................................... 9

        D.  The Exercise of Jurisdiction Would Disrupt the Federal State Balance ..................................................................... 13

    POINT II   COMPLETE DIVERSITY DOES NOT EXIST IN THIS ACTION AND THEREFORE THE ACTION CANNOT BE REMOVED BASED ON DIVERSITY ..................................................................................... 14

CONCLUSION............................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Allied Programs Corp. v. Puritan Insurance Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) ...... 15

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-93 (1987) ............................................... 5

*Ceglia v. Zuckerberg*, 772 F.Supp.2d 453, 455 (W.D.N.Y. 2011) ............................................... 14

*Curtin v. Port Authority of N.Y.*, 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002) ............................... 5

*CWCapital Cobalt VR Ltd. v CWCapital Investments LLC*, 17 CIV. 9463 (GBD), 2018 WL
    2731270, at 3 (SDNY May 23, 2018)................................................................. 7, 8, 9, 10

*Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir. 1995) ............................................. 14

*Franklin H. William Trust v. Travelers Ins. Co.,* 50 F.3d 144, 147 (2d Cir. 1995)........................ 4

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).......... 4, 8, 9

*Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 282 (1918)........................................... 6

*Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 151 (2nd Cir. 1994) ............................................. 5

*Gunn v. Minton*, 133 S. Ct. 1059, 1064-65 (2013) ................................................................. 3, 4, 5

*Hallingby v. Hallingby,* 574 F.3d 51, 56 (2d Cir. 2009)........................................................... 14

*Liana Carrier Ltd. v. Pure Biofuels Corp.*, 672 F. App'x 85, 92, Fed. Sec. L. Rep. P 99470, 2016
    WL 7107481 (2d Cir. 2016) (summary order)........................................................... 11, 13, 14

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 813 (1986)............................................... 9

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) ......... 4

*N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315–16 (2d Cir. 2016)...... 7

*New York State Ins. Fund v. U.S. Liability Ins. Co.,* 2004 WL 385033 at 2................................. 15

*Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459 (2d Cir.1998) ................................................. 15

*PCVST Mezzco 4, LLC v. Wachovia Bank Commercial Mortgage Trust 2007-C30*, No. 14 Civ.
    6023 (AJN), 2015 WL 153048, at 3 (S.D.N.Y. Jan. 12, 2015)...................................... 5

*Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) ........................................... 6

*Schulthis v. McDougal*, 225 U.S. 561, 569 (1912) ....................................................................... 5

*Somlyo v. J. Lu-Rob Enter., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) ..................................... 5

*Stamm v. Barclays Bank of N.Y.* No. 96 Civ. 5158 (SAS), 1996 WL 614087, at 1 (S.D.N.Y. 1996) ........................................................................................................................... 5

*Sty–Lite Co. v. Eminent Sportswear Inc.,* 115 F.Supp.2d 394, 398 (S.D.N.Y. 2000) ................... 15

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)............................................................................. 6

*Truglia v. KFC Corp.*, 692 F.Supp 271, 275 (S.D.N.Y. 1988)....................................................... 15

*United Food & Commercial Workers Union. Local 919 AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)............................................................... 5

*Varga v. McGraw Hill Fin.*, Inc., 36 F. Supp. 3d 377, 382 (S.D.N.Y. 2014)............................ 7, 9

*Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 622, 2013 WL 1187445 (S.D.N.Y. 2013) ................................................................................................... 8, 9

**Statutes**

26 U.S.C. § 42 ...................................................................................................................... passim

28 U.S.C. § 1331 ........................................................................................................................ 1

28 U.S.C. § 1332(c) ................................................................................................................... 14

28 U.S.C. § 1340 ........................................................................................................................ 1

28 U.S.C. § 1367 ........................................................................................................................ 2

28 U.S.C. § 1447(c) ................................................................................................................... 2

**Rules**

*U.S. Gov't Accountability Off., Gao-15-330, Low-Income Housing Tax Credit: Joint IRS-HUD Administration Could Help Address Weaknesses In Oversight* 1 N.1 (2015) .......................... 12

**Treatises**

13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3562, pp. 175–176 (3d ed. 2008) ........................................................................................................... 3

14B Charles Alan Wright, et al., *Federal Practice & Procedure* § 3721....................................... 6

Brandon M. Weiss, *Residual Value Capture in Subsidized Housing*, 10 Harv L & Pol'y Rev 521, 534 (2016) ............................................................................................................................ 12

## PRELIMINARY STATEMENT

Plaintiff Riseboro Community Partnership Inc., formerly known as Ridgewood Bushwick Senior Citizens Council, Inc., ("Riseboro"), by their attorneys, Goldstein Hall PLLC, respectfully submits this memorandum of law in support of Riseboro's motion for an Order, pursuant to 28 U.S.C. § 1447(c), remanding the instant action back to the New York State Supreme Court, Kings County ("State Court"), on the grounds that, the action does not present any federal questions and the parties are not diverse.

Riseboro commenced this action on November 15, 2018 in State Court to secure declaratory judgments as to the interpretation of a contract that is expressly governed by New York State law, along with legal and equitable relief arising out of Sunamerica Housing Fund 682 ("SunAmerica") and SLP Housing I, LLC's ("SLP") (collectively, "Defendants") breaches of the contract. On December 20, 2018, Defendants filed a Notice of Removal, removing the proceeding to this Court.

Defendants Notice of Removal relies on four statutes, two cases, and a few dozen out-of-context quotes in a superficial attempt to demonstrate that this Action involves a federal question and there is complete diversity amongst the parties. Nothing can be further from the truth and this Court should not be persuaded. Not only have Defendants utterly failed to bear their substantial burden of proof by virtue of their Notice of Removal's perfunctory legal analysis, this action simply does not "fit within the special and small category" of cases which are suitable for removal.

Just as merely involving federal statutes in a complaint does not automatically create a basis for removal pursuant to 28 U.S.C. § 1331, involving a federal tax credit framework does not automatically create a basis for removal pursuant to 28 U.S.C. § 1340 either. As will be discussed, neither of the foregoing statutes' applicability has been justified (they cannot be) in a

manner that either satisfies Defendants' burden of proof to remove this Action or in a manner that justifies a departure from well-established federal law – both nationally and as adopted by this circuit.

Likewise, but even more apparently, Defendants fail to bear their heavy burden of proving by clear and convincing evidence that this Court should disregard the citizenship of a non-diverse party, 420 Stockholm L.P. (the "420 LP"). Considering that 420 LP is the owner of the property which Riseboro hopes to purchase via specific performance, the pleadings expressly state that LP's "interest will be affected by the outcome of this action." As such, 420 LP has a real connection to the action and must be considered for purposes of diversity.

Finally, Defendants attempt to rely on 28 U.S.C. § 1367, in an undeveloped attempt to preserve an argument for supplemental jurisdiction. Tellingly, besides citing the statute twice, Defendants made no effort to elaborate as to the parameters, or more importantly the basis, of this supposed supplemental jurisdiction. Here, because supplemental jurisdiction could only derive from the alleged federal question jurisdiction, no such supplemental jurisdiction exists.

This Action concerns the interpretation of a contract which is expressly governed by New York State law and no interpretation of this Contract raises a federal issue, it merely invokes a federal statute to analyze manifestly state law claims.

Because federal jurisdiction does not exist here, remand is mandatory. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Plaintiffs are also entitled to attorneys' fees and costs associated with Defendants' improvident removal.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action concerns the interpretation of a contractual right of first refusal (the "ROFR") granted to RiseBoro (or its designee) in the Amended and Restated Agreement of

Limited Partnership of the 420 LP (the "Restated Agreement"). The ROFR grants Riseboro the

right to purchase a low-income housing tax credit ("LIHTC[1]") project located at 420 Stockholm

Street, Brooklyn New York (the "Apartment Complex") from the LP after the end of the 15 year

Compliance period[2] pursuant to Section 12.03 of the Agreement. Upon the expiration of the

Compliance period, Riseboro informed the Defendants that it intended to exercise the ROFR and

the Defendants refused, stating that Riseboro cannot exercise the ROFR unless Defendant, SLP

consents to such a purchase and that, Riseboro cannot exercise its ROFR unless a *bona fide* third

party offer is made and the Defendants are willing to sell.  Fundamentally, the instant action seeks

a declaratory judgment that the Restated Agreement neither contains limiting nor consenting

requirements for Riseboro to exercise its ROFR and, moreover, the ROFR must be read in the

context of the Restated Agreement and not a typical common law ROFR.[3]

Unable to resolve the disagreement, Riseboro commenced this Action and asserted

four causes of action: (i) declaratory relief for an order declaring that, *inter alia*, no condition

precedent, other than the end of the 15 year Compliance period pursuant to the Restated

Agreement's Section 12.03, is required for Riseboro to exercise its ROFR; (ii) declaratory relief

---

[1]    The LIHTC provision of the Internal Revenue Code, 26 U.S.C. § 42 ("Section 42") is a program that leverages private sector underwriting and investment, to develop and perpetuate low-income housing, through the utilization of certain tax credits. Typically, the deals involve a developer (here, Plaintiff) and an investment partner (here, Defendants) which enter into a limited partnership to own the Project (here, 420 LP).  In exchange for 99% of the tax credits, the investment partner makes a series of capital contributions to finance the project.

[2]    As set forth in the Complaint, the Compliance Period refers to that period of time that the investment partner can utilize the tax credits, specifically, for 15 years, so long as the project complies with affordability restrictions.

[3] It is from this point that Defendants' Notice of Removal extracted so many of its quotes; the Complaint merely informed the reader of the nature of the Restated Agreement and the statutory context from which the Restated Agreement was born. Defendants' list of quotes is misleading and detracts from the already nuanced federal question analysis. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064-65 (2013) ("In outlining the contours of this slim category, we do not paint on a blank canvas. Unfortunately, the canvas looks like one that Jackson Pollock got to first. *See* 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3562, pp. 175–176 (3d ed. 2008) (reviewing general confusion on question)").

for an order declaring that, *inter alia*, the ROFR provided and pursuant to the Restated

Agreement's Section 12.03 is not a right of first refusal which is to be construed solely under New

York law, but must be instead consistent with the LIHTC statutory scheme; (iii) a judgment

directing Defendants to specifically perform all of their obligations and sell the Apartment

Complex to Riseboro; and (iv) money damages in an amount to be determined at trial, but believed

to be no less than $10,000,000.00 against each of the Defendants for breaching the Restated

Agreement.

## ARGUMENT

### POINT I

### FEDERAL QUESTION JURISDICTION OVER RISEBORO'S CAUSES OF ACTION DOES NOT EXIST

Contrary to Defendants' contentions claimed in the Notice of Removal, Risoboro's

Complaint does not raise any Federal Question and therefore Removal was improper. Generally

speaking, "Federal courts have original subject matter jurisdiction ... [in] case[s] arising under

federal law." *Franklin H. William Trust v. Travelers Ins. Co.,* 50 F.3d 144, 147 (2d Cir. 1995)

(citing 28 U.S.C. § 1331). "Most directly, a case arises under federal law when federal law creates

the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "But even when 'a claim

finds its origins' in state law, there is 'a special and small category of cases in which arising under

jurisdiction still lies.'" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562,

1569–70 (2016) (citation omitted). "[T]he mere need to apply a federal law in a state-law claim

will [not] suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue

Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Rather, federal jurisdiction is "confined ... to those

[claims] that 'really and substantially involv[e] a dispute or controversy respecting the validity,

construction or effect of [federal] law.' " *Id.* (*quoting Schulthis v. McDougal*, 225 U.S. 561, 569 (1912)) (second alteration in original).

As the parties seeking removal, Defendants have the burden of establishing that removal was proper. *United Food & Commercial Workers Union. Local 919 AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court ...."); *Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 151 (2nd Cir. 1994); *Curtin v. Port Authority of N.Y.*, 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002). This burden is a heavy one because "[r]emoval statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." *Curtin*, 183 F. Supp. 2d at 667; *accord Somlyo v. J. Lu-Rob Enter., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Stamm v. Barclays Bank of N.Y.* No. 96 Civ. 5158 (SAS), 1996 WL 614087, at 1 (S.D.N.Y. 1996).

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "Only '[w]hen all four of these requirements are met' will federal jurisdiction be appropriate over a state-law claim." *PCVST Mezzco 4, LLC v. Wachovia Bank Commercial Mortgage Trust 2007-C30*, No. 14 Civ. 6023 (AJN), 2015 WL 153048, at 3 (S.D.N.Y. Jan. 12, 2015) (quoting Gunn, 568 U.S. at 254). None of the four requirements are met here.

A plaintiff is the master of his claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-93 (1987) (defining the "well-pleaded-complaint rule" and recognizing that the rule "makes the plaintiff the master of the claim"); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-

28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by

the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it

goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable

defense.' "), *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (same); *see also Vitarroz Corp. v.*

*Borden, Inc.*, 644 F.2d 960, 964 (2d Cir. 1981) ("[T]he existence of a federal question must appear

on the face of a complaint.").

> [T]he plaintiff may by the allegations of his
> complaint determine the status with respect to
> removability of a case ... when it is commenced, and
> that this power to determine the removability of his
> case continues with the plaintiff throughout the
> litigation, so that whether such a case nonremovable
> when commenced shall afterwards become
> removable depends not upon what the defendant may
> allege or prove or what the court may, after hearing
> upon the merits, in invitum, order, but solely upon
> the form which the plaintiff by his voluntary action
> shall give to the pleadings in the case as it progresses
> towards a conclusion.

*Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 282 (1918); *see also* 14B Charles Alan Wright,

et al., *Federal Practice & Procedure* § 3721 ("[T]he state-court plaintiff is the master of his claim,

which means that if he chooses not to assert a federal claim, or fails to join a party who could

remove the entire action, or does join a nondiverse party, the defendant cannot remove the action

to federal court on the ground that an alternative course of conduct that would have permitted

removal of the case was available to the plaintiff.").

A.      **No Federal Claim is Asserted**

As a threshold matter, the Action asserts no federal claim. Riseboro does not plead

a cause of action under Section 42, nor does Section 42 provide for one.  The Complaint asserts

state law claims for declaratory injunction and breach of contract, which requires the Court to

interpret the Restated Agreement.  While interpretation of the Restated Agreement will require a

review of Section 42, none of the causes of action assert a direct claim under Section 42 and the

language of Section 42 does not provide for such a claim.

**B.     No "Actually Disputed" Federal Issue is "Necessarily Raised" by Plaintiffs' Causes of Action**

As recently held by this Circuit: "A state-law claim 'necessarily' raises federal

questions where the claim is affirmatively 'premised' on a violation of federal law." *N.Y. ex rel.*

*Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315–16 (2d Cir. 2016) (citation omitted).

Similarly, "state law claims predicated on ... violations of obligations rooted exclusively in federal

law" necessarily raise federal issues. *Varga v. McGraw Hill Fin.*, Inc., 36 F. Supp. 3d 377, 382

(S.D.N.Y. 2014).

> By contrast, a complaint does not "necessarily raise"
> a federal question when it " 'assert[s] purely state-
> law causes of action' that do not require 'binding
> legal determinations of rights and liabilities under
> [federal law].' " Merrill Lynch, 136 S. Ct. at 1576
> (Thomas, J., concurring) (quoting Matsushita Elec.
> Indus. Co. v. Epstein, 516 U.S. 367, 382, 384 (2016)
> ). "Courts in this Circuit have made clear that the
> exercise of federal jurisdiction is inappropriate
> where 'no cause of action ... necessarily stands or
> falls based on a particular application of federal law.'
>
> …
>
> Moreover, the fact that a contract incorporates a
> definition from federal law does not, in itself, mean
> that the contract "necessarily raises" a federal issue.

*CWCapital Cobalt VR Ltd. v CWCapital Investments LLC*, 17 CIV. 9463 (GBD), 2018 WL

2731270, at 3 (SDNY May 23, 2018).

This Action pleads four state law claims and Section 42 is only cited as a point of

reference in support of Plaintiff's interpretation of the ROFR. Plaintiff's reference to Section 42

does not necessarily raise a federal issue because to the extent that Plaintiff's Causes of Action

invoke Section 42, they do so to illuminate a contractual agreement rather than question Section 42 itself. "At most, [the causes of action] require[] the court to 'apply federal law in a state-law claim,' which 'will [not] suffice to open the arising under' door." *CWCapital Cobalt*, 2018 WL 2731270, at 3, quoting *Grable*, 545 U.S. at 313; *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 622, 2013 WL 1187445 (S.D.N.Y. 2013) ("The 'mere presence' of a federal issue in a state cause of action does not confer federal jurisdiction.)

Plaintiff's first cause of action for a declaratory judgment as to whether the Agreement contains a condition precedent for Plaintiff to exercise its ROFR is plainly devoid of any federal issue. This cause of action requires nothing more than a reading of the Restated Agreement's plain language. Even a cursory reading of the first cause of action reveals that no federal issues are raised. Contract interpretation, and the rights and liabilities raised by contracts, such as the Restated Agreement is a state-law claim. At most, the inclusion of Section 42 in the first cause of action requires the court to "apply federal law in a state-law claim", and as in *CWCapital Cobalt,* such application does not suffice to impose federal question jurisdiction. *CWCapital Cobalt*, 2018 WL 2731270, at 3, quoting *Grable*, 545 U.S. at 313. Further, as the District Court went on to hold in *CWCapital Cobalt,* "the fact that a contract incorporates a definition from federal law does not, in itself, mean that the contract "necessarily raises" a federal issue. *CWCapital Cobalt*, 2018 WL 2731270, at 4. Similarly, here, the fact that the pleadings reference the definition of a federal law cannot rise to the level of raising a federal issue.

Riseboro's second cause of action seeks a declaratory judgment as to whether the ROFR is to be interpreted solely under New York common law likewise does not necessarily raise a federal issue. By untethering the ROFR from New York common law, in an effort to interpret the Agreement in a manner that is consistent with Section 42, Riseboro does not allege a claim

"rooted exclusively in federal law." *Varga*, 36 F. Supp. 3d at 382. On the contrary, Riseboro merely asserts that the Agreement's incorporation of Section 42, together with its omission of common-law condition precedents to trigger a right of first refusal (such as a willing seller and a bona-fide third party offer) yields a right of first refusal that is separate and distinct from a common law right of first refusal. In other words, the subject right of first refusal is a distinct product of interpreting the Restated Agreement which is governed by New York law and it is not a product of questioning a federal law or issue.

Riseboro's third and fourth causes of action for specific performance or monetary damages as a result of Defendants having breached the Restated Agreement do not necessarily raise a federal issue. Both causes of action are pure state law claims that are resolved upon the application of the judgments fashioned for the Plaintiff's first and second causes of action.

None of Plaintiff's causes of action necessarily raise a federal question. The parties, at most, dispute whether the ROFR should be read to be consistent with Section 42 and therefore such claims do not "suffice to open the 'arising under' door." *Grable*, 545 U.S. at 313; *see also CWCapital Cobalt VR Ltd.*, 2018 WL 2731270, at 3 ("In other words, the parties' dispute is not over the "validity, construction, or effect of [federal] law," but whether the facts of the particular transaction—i.e., the Fortress-SoftBank merger—is covered by that law").

C.      **The Instant Action Does Not Present Any Substantial Federal Issues**

As previously stated, in order to invoke federal jurisdiction on removal a substantive federal issue must exist within the case.

"[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one." *Grable*, 545 U.S. at 313. Thus, the "'mere presence' of a federal issue in a state cause of action does not confer jurisdiction." *Veneruso* (*quoting Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 813 (1986)).

"The substantiality inquiry ... looks instead to the importance of the issue to the federal system as a whole." Gunn, 568 U.S. at 260; see also Liana Carrier Ltd. v. Pure Biofuels Corp., 672 Fed.Appx. 85, 92 (2d Cir. 2016) (finding that when "resolution of the issue would be relevant only to these parties, the issue ... is not substantial enough to trigger federal jurisdiction over ... [a] fundamentally state law cause of action").

…

An issue may be substantial if it "present[s] a nearly 'pure issue of law,' one that could be settled once and for all and would govern numerous ... other cases." Empire, 547 U.S. at 700 (citations omitted). By contrast, issues that have " 'fact-bound and situation-specific' effects are not sufficient to establish federal arising under jurisdiction." Gunn, 568 U.S. at 263 (quoting Empire, 547 U.S. at 701). When "the result [of a case] would be limited to the parties ... before the state court," the "possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' ... jurisdiction, even if the potential error finds its root in a misunderstanding of [federal] law." Gunn, 568 U.S. at 263; see also Congregation Machna Shalva Zichron Zvi David v. U.S. Dep't of Agriculture, 557 Fed.Appx. 87, 90 (2d Cir. 2014) (affirming dismissal for lack of jurisdiction where "[t]he determination at issue ... is a fact-specific application of [federal] regulations to [plaintiff] that does not implicate the validity of the regulations themselves, or have any other broader effect on federal interests"). "Even if a federal law might provide guidance in adjudicating [a plaintiff's] claims, that is not a sufficient basis upon which to confer federal jurisdiction." In re Reserve Fund Secs. & Deriv. Litig., 2009 WL 3634085, at *5.

*CWCapital Cobalt,* 2018 WL 2731270, at 3.

Here, Defendants make two arguments as to why this action allegedly involves "substantial" federal issues, neither are effective:

> The federal issue is substantial as has a National scope and applies to hundreds or thousands of multifamily low-income housing developments nationwide that are financed by private investors under the LIHTC program who have granted rights to acquire property to a federally qualified non-profit organization under Section 42(i)(7). and
>
> the federal issue is substantial as it requires clear and uniform interpretation and application, pursuant to Congressional intent, regulations, implemented by the Internal Revenue Service, and regulatory guidance issued by the Internal Revenue Service consistent with state law and contract rights;

Markowitz Declaration, at Exhibit "B", Notice of Removal, ¶¶ 19 and 20.

Defendants argument regarding the national scope of this action is misplaced. This action is, at its very essence, a breach of contract action. As such, contract actions must interpret the contract based on the language of the individual agreement. The language found in the Restated Agreement is likely different then virtually every other LIHTC operating agreement. The implications of interpreting the Restated Agreement here are clearly limited to the language subject to the interpretation. Here again, while Section 42 may be used as an interpretive devise, and interpretation of the contract language at issue may turn on a reading of Section 42, this does not implicate a substantive federal issue requiring adjudication in the Federal Courts. *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 672 F. App'x 85, 92, Fed. Sec. L. Rep. P 99470, 2016 WL 7107481 (2d Cir. 2016) (summary order) (finding that when "resolution of the issue would be relevant only to these parties, the issue ... is not substantial enough to trigger federal jurisdiction over ... [a] fundamentally state law cause of action".)

Further underlying the local State rather than Federal nature of the action, the LIHTC tax credits that Plaintiffs are using to underscore their federal substantive issue argument,

are federally allocated tax credits that are administered by the States through State Housing

Finance Agencies ("HFA").  As stated by the United States Government Accountability Office:

> IRS relies on [State] HFAs to administer and oversee the LIHTC program in their states. In addition to awarding tax credits to qualified projects, HFAs are responsible for:
>
> - determining the amount of credit needed for the financial feasibility of each project and its viability as a qualified low-income housing project through the 10-year credit period. HFAs make determinations (1) when the application is received, (2) when the allocation of the credit is completed, and (3) when the building is placed in service and the taxpayer submits a final cost certification.
>
> - monitoring LIHTC properties for compliance with program requirements (for example, health and safety standards, rent ceilings, income limits, and tenant qualifications). Findings from HFA monitoring are provided to IRS on noncompliance or building disposition (form 8823). Taxpayer noncompliance with LIHTC requirements may result in IRS denying claims for the credit in the current year or recapturing—taking back—credits claimed in prior years.
>
> **Once IRS monitoring of LIHTC projects ends after year 15, HFAs have sole authority to monitor compliance for at least another 15 years, and the taxpayer must ensure that the project continues to meet program requirements, as defined in the project's extended use agreement with the HFA. If a project were found to be noncompliant, the HFA could take action, such as litigation under state law.**

*U.S. Gov't Accountability Off., Gao-15-330, Low-Income Housing Tax Credit: Joint IRS-HUD Administration Could Help Address Weaknesses In Oversight* 1 N.1 (2015) (emphasis added).  S*ee also* Brandon M. Weiss, *Residual Value Capture in Subsidized Housing*, 10 Harv L & Pol'y Rev 521, 534 (2016) ("The IRS, however, leaves it to states to conduct all compliance and enforcement after Year-15…)

Indeed, the LIHTC program was specifically designed to divest the federal government of all administrative, compliance, and supervisory powers to State agencies

(especially after Year 15), who in turn were work with local organizations to fulfill community development objectives – all of which are different from city to city and from state to state and, therefore, this Action, even if considering LIHTC as a point of reference, does not raise a substantial federal issue.

**D.      The Exercise of Jurisdiction Would Disrupt the Federal State Balance**

As the Second Circuit held in *Liana Carrier:*

> Respect for the state-federal balance also inclines against attachment of federal question jurisdiction on the facts of this case. It is uncontested that Plaintiffs-Appellants' state law cause of action is structured as a run-of-the-mill state law contract claim, governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action. The fact that the state court's analysis of breach will necessarily turn on the requirements of federal securities law does not change the underlying nature of Plaintiffs-Appellants' claims, which are determined as a matter of course by the state courts every day – and whose resolution of any embedded federal issue, if decisive to the case, would ultimately be subject to possible Supreme Court review. The Supreme Court has consistently made clear "the need to give due regard to the rightful independence of state governments – and more particularly, to the power of the States to provide for the determination of controversies in their courts," and, though the underlying federal law issue is generally subject to exclusive federal jurisdiction, our "concern for state court prerogatives [does not] disappear ... in the face of a statute granting exclusive federal jurisdiction." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, —— U.S. ——, 136 S.Ct. 1562, 1573, 194 L.Ed.2d 671 (2016). **Thus, because there is no clear indication either that the federal question at issue in this case is substantial, or that it is particularly important to maintaining the federal-state balance that we claim jurisdiction over Plaintiffs-Appellants' contract claim, federal question jurisdiction does not lie**.

*(Emphasis supplied.) Liana Carrier Ltd.*, 672 F. App'x 85, 92, 2016 WL 7107481. Similarly, here, this action presents causes of action sounding in breach of contract. Simply because the State Court may need to consider the definition of "offer" under Section 42, the underlying nature of the claim is not changed and does not present a substantial federal issue or a federal question. Accordingly, this action must be remanded to State Court.

**POINT II**

**COMPLETE DIVERSITY DOES NOT EXIST
IN THIS ACTION AND THEREFORE THE
ACTION CANNOT BE REMOVED BASED ON
DIVERSITY**

Defendants attempt to argue that the Court has subject matter jurisdiction over this action on the basis of diversity. For this argument, Defendant argues that the Court must disregard the citizenship of 420 LP. This argument is patently false as 420 LP's pecuniary interests are at issue in this action.

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F.Supp.2d 453, 455 (W.D.N.Y. 2011). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby,* 574 F.3d 51, 56 (2d Cir. 2009); *see Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant.") "For purposes of determining diversity, 28 U.S.C. § 1332(c) provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Sty–Lite Co. v. Eminent Sportswear Inc.,*

115 F.Supp.2d 394, 398 (S.D.N.Y. 2000). It is undisputed that for purposes of Federal Jurisdiction that 420 LP is a citizen of New York State.

The party that removes the action to federal court has a heavy burden of proving by clear and convincing evidence that a court should disregard the citizenship of a non-diverse party, by setting forth one of the following: (a) "that there has been outright fraud committed in the plaintiff's pleadings, or" (b) "that there is no possibility based on the pleadings that a plaintiff can state a cause of action against the non-diverse defendants in state court." *See New York State Ins. Fund v. U.S. Liability Ins. Co.,* 2004 WL 385033 at 2 (not reported in F. Supp.) (*citing Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459 (2d Cir.1998)).

Defendants have not alleged in their Notice of Removal that Plaintiff has committed any fraud in naming 420 LP as a party defendant. Instead, based on an incomplete quote from the Complaint, alleges that 420 LP is a nominal defendant and therefore its citizenship can be disregarded. 420 LP is the owner of the real property ultimately at issue in this action. 420 LP is the owner of the property which Plaintiff hopes to purchase *via* specific performance, the pleadings expressly state that LP's "interest will be affected by the outcome of this action." It is axiomatic that the party which may lose ownership of all or substantially all its assets has a "real connection to the action." *Allied Programs Corp. v. Puritan Insurance Co.,* 592 F.Supp. 1274, 1276 (S.D.N.Y.1984). Indeed, the Defendants failed to show, "with specificity that the facts as stated in the complaint, under the present law of the forum state, form no basis for recovery against the defendant who defeats diversity." *Truglia v. KFC Corp.,* 692 F.Supp 271, 275 (S.D.N.Y. 1988). As such, any judgment rendered in this action clearly and undeniably affects the rights of 420 LP, 420 LP's pecuniary interest, and its ability to own and control real property and therefore it is much more than a nominal party whose citizenship can be disregarded for purposes of diversity.

Accordingly, diversity jurisdiction cannot provide the Defendants with an independent reason to remove this action from the State Court and therefore this action must be remanded back to the New York State Court.

## CONCLUSION

For all of the reasons set forth herein, Plaintiff respectfully request that the Court remands this Action to the Supreme Court of the State of New York, Kings County and award such other and further relief as the Court deems just proper and equitable.

Dated: New York, New York
          January 22, 2019

**GOLDSTEIN HALL PLLC**
*Attorneys for Riseboro Community Partnership Inc.*
80 Broad Street, Suite 303
New York, New York 10004
(646) 768-4127


By:      S/ BRIAN J. MARKOWITZ
          BRIAN J. MARKOWITZ (BM-9640)
          DANIEL GOLDENBERG (DG-1337)