UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RISEBORO COMMUNITY PARTNERSHIP INC.,
formerly known as RIDGEWOOD BUSHWICK
SENIOR CITIZENS COUNCIL, INC.,

                              Plaintiff,

                - against -

SUNAMERICA HOUSING FUND NO. 682; SLP
HOUSING I, LLC; and 420 STOCKHOLM STREET
ASSOCIATES L.P,

                           Defendants.

Case No.: 1:18-CV-07261-RJD-VMS

**ANSWER TO COMPLAINT
AND COUNTERCLAIMS**

Defendants SunAmerica Housing Fund No. 682 ("SHF") and SLP Housing I, LLC ("SLP" and together with SHF "Defendants"), by and through their attorneys Nixon Peabody LLP, for their Answer and Counterclaim in response to the Complaint of Plaintiff Riseboro Community Partnership, Inc. ("Riseboro"), aver as follows:

1.      Paragraph "1" of the Complaint contains statements which summarize Plaintiff's allegations, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny the allegations set forth in Paragraph "1" of the Complaint.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint and therefore deny the allegations.

3.      Defendants deny the allegations contained in Paragraph "3" of the Complaint, except admit that SHF is a limited partnership, organized and existing under the laws of the State of Nevada.

4.      Defendants deny the allegations contained in Paragraph "4" of the Complaint.

5.      Defendants admit the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants admit the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations contained in Paragraph "8" of the Complaint, except admit that SHF and SLP entered into the Amended and Restated Agreement of Limited Partnership Dated May 1, 1999 (the "Partnership Agreement") with non-party 420 Stockholm Housing Development Fund Company, Inc. (the "HDFC"), a New York nonprofit corporation; together, they formed a partnership under New York law, named 420 Stockholm Street Associates L.P. (the "Partnership"); and, SHF and SLP entered into a First Amendment to the Partnership Agreement, with the HDFC and 420 Stockholm Corp, a New York nonprofit corporation.

9.      Defendants deny the allegations contained in Paragraph "9" of the Complaint and Defendants aver that venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the Eastern District of New York is the district and division within which the real estate owned by the Partnership is located.

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of the Complaint and thus deny the allegations, except Defendants admit that SHF and SLP are Limited Partners in the Partnership, SHF is designated the "Investment Partnership" in the Partnership Agreement, and SLP is designated the "Special Limited Partner" in the Partnership Agreement.

11.     Defendants deny the allegations contained in Paragraph "11" of the Complaint, except admit that RiseBoro purported to exercise a Right of First Refusal ("ROFR") by a letter dated February 13, 2018, and Defendants responded on or about April 17, 2018, which letters speak for themselves.

12.     Paragraph "12" contains statements which are conclusions of law and summarize Plaintiff's assertions, and Defendants respectfully submit that no answer is required.  To the extent

an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

13.     Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14.     Paragraph "14" contains statements which are conclusions of law, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

15.     Paragraph "15" contains statements which are conclusions of law, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

16.     Paragraph "16" contains statements which are conclusions of law, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

17.     Paragraph "17" contains statements which are conclusions of law, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint and thus deny the allegations, except admit that the Investment Partnership, as designated by the Partnership Agreement, made a series of capital contributions to the Partnership.

19.     Paragraph "19" contains statements which are conclusions of law, and Defendants respectfully submit that no answer is required.  To the extent that an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations made therein and therefore deny the allegations.

20.     Paragraph "20" contains a restatement of the relevant law, and Defendants respectfully submit that no answer is required. To the extent that an answer is required, Defendants admit that Paragraph "20" sets forth an accurate, excerpted portion of Section 42, and respectfully refer the Court to the original statute.

21.     Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except admit that the Partnership Agreement contains a ROFR granted to Ridgewood Bushwick Senior Citizens Council, Inc. or its designee.

22.      Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except admit that SHF and the HDFC entered into an Agreement of Limited Partnership on December 23, 1998 (the "Original Agreement").

23.     Paragraph "23" purports to summarize the provisions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants admit that Section 7 of the Original Agreement contains provisions concerning "Purchase of the Land," "Financing of the Land Purchase," among other provisions, and they refer the Court to the Original Agreement for its full content and meaning.

24.     Paragraph "24" purports to summarize the provisions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants admit that the Partnership

Agreement was entered into on May 1, 1999, Paragraph "24" sets forth an accurate, excerpted portion of the Partnership Agreement, and they refer the Court to the Partnership Agreement for its full content and meaning.

25.     Paragraph "25" purports to summarize the provisions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants admit that Paragraph "25" sets forth an accurate but incomplete, excerpted portion of the Partnership Agreement, and they refer the Court to the Partnership Agreement for its full content and meaning.

26.     Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff is the sole shareholder of 420 Stockholm Corp and thus deny that allegation, and Defendants deny the other allegations set forth in Paragraph "26" of the Complaint, except admit that ownership of the Apartment Complex was transferred to the Partnership, and Paragraph "26" sets forth an accurate, but incomplete, excerpted portion of the Partnership Agreement, and they refer the Court to the Partnership Agreement for its full content and meaning.

27.     Defendants deny the allegations set forth in Paragraph "27" of the Complaint, except admit that the Partnership Agreement contains a ROFR granted to Ridgewood Bushwick Senior Citizens Council, Inc. or its designee.

28.     Paragraph "28" purports to summarize the provisions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph "28" and refer the Court to the Partnership Agreement for its full content and meaning.

29.     Paragraph "29" restates portions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiff's insertion or substitution "[RISEBORO]" in lieu of "RB" is accurate and thus deny that allegation, and they otherwise admit that Paragraph "29" contains an accurate, excerpted portion of the Partnership Agreement, and they refer the Court to the entire agreement for its full content and meaning.

30.     Defendants deny the allegation contained in Paragraph "30" of the Complaint upon information and belief.

31.     Defendants deny the allegation contained in Paragraph "31" of the Complaint upon information and belief.

32.     Defendants admit the allegation contained in Paragraph "32" of the Complaint.

33.     Defendants deny the allegations contained in Paragraph "33" of the Complaint, except admit that Defendants responded to Plaintiff by letters of counsel dated April 17, 2018, and April 24, 2018, the quoted statements contained in Paragraph "33" are accurate but incomplete portions of those letters, and Defendants refer the Court to said letters for their full content and meaning.

34.      Defendants deny the allegations contained in Paragraph "34" of the Complaint, except admit that Plaintiff and Defendants disagree about the legal interpretation of certain provisions contained in the Partnership Agreement.

35.     Paragraph "35" summarizes or restates Plaintiff's interpretation of the Partnership Agreement, and it contains statements which are conclusions of law, and accordingly, Defendants

submit that no answer is required.  To the extent that an answer is required, Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

## RESPONDING TO THE FIRST CAUSE OF ACTION

36.     Defendants repeat and restate each and every foregoing answer as if fully set forth herein.

37.     Paragraph "37" contains statements which are conclusions of law, and Defendants submit that no answer is required. To the extent an answer is required, Defendants admit there is an actual controversy between the parties concerning their respective rights under the Partnership Agreement.

38.     Paragraph "38" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants admit the parties disagree whether Defendants' consent is a condition precedent, among other legal requirements, for Plaintiff to exercise the ROFR granted by the Partnership Agreement.

39.     Paragraph "39" restates portions of a legal agreement, whose interpretation is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants admit that Paragraph "39" contains accurate, excerpted portions of the Partnership Agreement, and refer the Court to the entire agreement for its full content and meaning.

40.     Paragraph "40" restates portions of a legal agreement, the interpretation of which is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiff's substitution of "[Riseboro]" for "RB" is accurate and thus deny that

allegation, and they otherwise admit that Paragraph "40" contains accurate, excerpted portions of the Partnership Agreement, and refer the Court to the entire agreement for its full content and meaning.

41.    Paragraph "41" contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42.    Paragraph "42" contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43.    Paragraph "43" restates portions of a legal agreement, the interpretation of which is the province of this Court, and it contains statements which are conclusions of law; therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph "43" of the Complaint, except admit that Paragraph "43" contains accurate but incomplete excerpted portions of the Partnership Agreement, and refer the Court to the entire agreement for its full content and meaning.

44.    Paragraph "44" contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45.    Paragraph "45" summarizes the relief sought by Plaintiff and contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants aver that the relief sought by Plaintiff should be denied, and a judgment should be entered in favor of Defendants.

## RESPONDING TO THE SECOND CAUSE OF ACTION

46.     Defendants repeat and restate each and every foregoing answer as if fully set forth herein.

47.     Paragraph "47" contains statements which are conclusions of law, and Defendants submit that no answer is required. To the extent an answer is required, Defendants admit there is an actual controversy between the parties concerning their respective rights under the Partnership Agreement.

48.     Paragraph "48" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants admit the allegation contained in Paragraph "48" and assert that other requirements apply to the exercise of a ROFR under New York law.

49.     Paragraph "49" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants admit that Section 42 applies to the ROFR granted under the Partnership Agreement, and otherwise deny the allegations contained in Paragraph "49" of the Complaint.

50.     Paragraph "50" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51.     Paragraph "51" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52.     Paragraph "52" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53.     Paragraph "53" summarizes the relief sought by Plaintiff and contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants aver that the relief sought by Plaintiff should be denied, and a judgment should be entered in favor of Defendants.

## RESPONDING TO THE THIRD CAUSE OF ACTION

54.     Defendants repeat and restate each and every foregoing answer as if fully set forth herein.

55.     Paragraph "55" restates portions of a legal agreement, whose interpretation is the province of this Court, and therefore, Defendants respectfully submit that no answer is required. To the extent an answer is required, Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiff's substitution of "[Riseboro]" for "RB" is accurate and thus deny that allegation, and they otherwise admit that Paragraph "55" contains accurate, excerpted portions of the Partnership Agreement, and refer the Court to the entire agreement for its full content and meaning.

56.     Defendants admit the allegations contained in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in Paragraph "57" of the Complaint, except admit that Defendants and the Partnership are not willing and do not intend to sell the Apartment Complex at this time.

58.     Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59.     Paragraph "59" summarizes the relief sought by Plaintiff and contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is

required, Defendants aver that the relief sought by Plaintiff should be denied, and a judgment should be entered in favor of Defendants.

60.     Paragraph "60" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61.     Paragraph "61" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "61" of the Complaint.

**RESPONDING TO THE FOURTH CAUSE OF ACTION**

62.     Defendants repeat and restate each and every foregoing answer as if fully set forth herein.

63.     Paragraph "63" contains statements which are conclusions of law, and Defendants submit that no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff has incurred any damage and thus deny that allegation, they admit that Defendants and the Partnership are not willing and do not intend to sell the Apartment Complex at this time, and they otherwise deny the allegations contained in Paragraph "64" of the Complaint.

65.     Paragraph "65" summarizes the relief sought by Plaintiff and contains statements which are conclusions of law, and accordingly, no answer is required.  To the extent an answer is required, Defendants aver that the relief sought by Plaintiff should be denied, and a judgment should be entered in favor of Defendants.

ALL ALLEGATIONS NOT HEREINBEFORE EXPRESSLY ADMITTED, QUALIFIED OR DENIED ARE HEREBY DENIED.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to satisfy all conditions precedent for exercising a right of first refusal ("ROFR").

3.      Section 42 does not confer specific rights on the Plaintiff.  To the contrary, it allows the Partnership to conduct itself in accordance with the terms of Section 42, among other terms.

4.      Section 42(i)(7) does not allow a below market "option," i.e., an automatic right to acquire the property, only a ROFR.

5.      The ROFR contained in the Partnership Agreement can only be exercised consistent with: (i) Section 42 of the Code; (ii) the terms of the Partnership Agreement; (iii) New York state common law pertaining to and governing rights of first refusal; and (iv) the Internal Revenue Code and guidance.

6.      The terms of the Partnership Agreement require the consent of the Special Limited Partner to sell all or materially all of the assets of the Partnership, including the property owned by the Partnership.

7.      As a result, Plaintiff has failed to satisfy necessary conditions precedent to the exercise of its rights, including (i) failing to obtain a bona fide offer for the Apartment Complex; (ii) failing to ensure the Partnership is a "willing seller," which it is not, (iii) failing to obtain "consent" of the Limited Partners, which together own 99.9% of the partnership interests; (iv) others.

8.      Finally, the General Partner represented and warranted that it would comply with all governmental regulations, and therefore must comply with Section 42 restrictions.

### THIRD AFFIRMATIVE DEFENSE

9.      SHF and SLP are Limited Partners in a New York limited partnership.

10.     The Plaintiff is not a partner in the Partnership and is not a party to the Partnership Agreement.  Accordingly, Plaintiff is a third party lacking privity with Defendants and lacking any basis to sue Defendants in contract.

11.     Under New York law, limited partners have limited liability to claims by third parties who are not partners.

12.     Under the Partnership Agreement, the Partners agreed that the Limited Partners were not liable for claims by third parties.  *See*, *e.g*., Partnership Agreement 4.01(n).

13.     Claims against the Limited Partners relating to partnership business belong to the General Partner, and only the General Partner can compel the Limited Partners to act.

14.     The Partnership Agreement provides that the General Partner shall indemnify and hold harmless the Investment Partnership (i.e., SHF) against a breach of any of representations, warranties and covenants contained in the Partnership Agreement and from any damage, loss or claim caused thereby, including reasonable attorney's fees and costs and expenses of litigation and collection.  *See* Partnership Agreement 4.01(bb).

15.     A third party to the Partnership has no power or authority to compel the Limited Partners to do any act in furtherance of the Partnership's business and allowing a third party to do so would defeat the nature of limited liability for limited partners under New York law.

16.     Plaintiff is not a third-party beneficiary of the Partnership: it is not named as a beneficiary; the Partnership was previously notified that there was another third-party nonprofit that

was going to attempt to exercise the Section 42 ROFR granted by the Partnership Agreement; and, there is no clear intent to confer third-party beneficiary status on the Plaintiff given the language in the Partnership Agreement that no third party can enforce rights set forth in the agreement.

### FOURTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, because, upon information and belief, Plaintiff is the sole shareholder of 420 Stockholm Corp., and Plaintiff has tortiously interfered with the contractual obligations of 420 Stockholm Corp. under the Partnership Agreement, and has thereby caused an Event of Default.

18.     Pursuant to Section 8.01 of the Partnership Agreement, the General Partner is obligated to "take all actions necessary or appropriate to protect the interests of the Limited Partners [i.e., SHF and SLP] and of the Partnership." By failing to take any action in response to Plaintiff's purported exercise of the ROFR contained in the Partnership Agreement, among other omissions, 420 Stockholm Corp. has breached its obligations.

19.     Accordingly, by reason of the prior breach of the Partnership Agreement and the continuing Event of Default, Plaintiff is not entitled to recover under the Partnership Agreement.

### FIFTH AFFIRMATIVE DEFENSE

20.     Plaintiff's damages, if any, were not within the contemplation of the parties when the Partnership Agreement was entered into.

21.     Accordingly, such damages are not recoverable.

### SIXTH AFFIRMATIVE DEFENSE

22.     Plaintiff may not recover damages from Defendants, as any such damages were not proximately caused by Defendants, and/or were caused solely by Plaintiff or third persons.

### SEVENTH AFFIRMATIVE DEFENSE

23.     Plaintiff may not recover damages, in whole or in part, because it has failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

24.     Plaintiff has failed to state the claims alleged in its Complaint with sufficient particularity to permit Defendants to discern and raise all appropriate defenses. Defendants, therefore, reserve the right to amend or supplement this Answer with additional defenses as may be appropriate and supported by the facts and law, upon particularization of the claims by Plaintiff, or as additional defenses become known upon further discovery concerning these claims.

## COUNTERCLAIMS

Defendants SunAmerica Housing Fund 682, A Nevada Limited Partnership ("SHF") and SLP Housing I, LLC, a Nevada limited liability company ("SLP" and together with SHF "Defendants"), by and through their attorneys Nixon Peabody LLP, as and for their Counterclaims against Plaintiff Riseboro Community Partnership Inc. ("Riseboro") allege as follows:

### FACTUAL ALLEGATIONS
### COMMON TO ALL COUNTERCLAIMS

#### The Parties

1.      Non-party 420 Stockholm Corp. ("Stockholm") and Defendants SHF and SLP constitute all the partners in 420 Stockholm Street Associates L.P. (the "Partnership").

2.      Defendants SHF and SLP are the Limited Partners in the Partnership. SHF owns 99.89% of the interests in the Partnership and SLP owns 0.01% of the interests in the Partnership.

3.      Stockholm is the General Partner in the Partnership and owns 0.1% of the interests in the Partnership.

4.      Upon information and belief, Riseboro is a nonprofit corporation that is the sole shareholder in Stockholm, and is the successor to Ridgewood Bushwick Senior Citizens Council, Inc. ("RBSCC")

#### The Partnership Agreement

5.      On or about December 23, 1998, SHF and non-party 420 Stockholm Housing Development Fund Company, Inc. (the "HDFC") executed a Certificate of Limited Partnership for the formation of the Partnership pursuant to the terms of the New York Revised Uniform Limited Partnership Act.  On the same date, SHF and the HDFC entered into an Agreement of Limited Partnership (the "Original Agreement").

6.      On or about May 1, 1999, SHF, SLP, and the HDFC entered into an Amended and Restated Agreement of Limited Partnership (the "Partnership Agreement").

7.      On or about August 14, 2000, SHF, SLP, the HDFC, and Stockholm entered into a First Amendment to Partnership Agreement, by which, among other things, Stockholm replaced the HDFC as the General Partner.

8.      Section 3.02 of the Partnership Agreement grants the Partnership the power and authority to acquire the Land (as defined therein) and the Apartment Complex; to rehabilitate, operate, maintain, improve, buy, own, sell, convey, assign, mortgage, rent, or lease any real estate and any personal property necessary to the operation of the Apartment Complex; provide affordable housing consistent with ancillary agreements, guidance and regulations adopted under the LIHTC program; and "subject to the approval of the Agency [defined as the New York State Housing Finance Agency] and/or the HFA Lender, if required, and to other limitations expressly set forth elsewhere in this Agreement, negotiate for and conclude agreements for the sale, exchange, lease, or other disposition of all or substantially all of the property of the Partnership," among other powers.

9.      Pursuant to Section 8.01(a) of the Partnership Agreement, the management and operation of the Apartment Complex were entrusted to the General Partner, which was HDFC and is now Stockholm.  Importantly, however, the discretion and authority of the General Partner to manage and control the Apartment Complex and any other decisions affecting the business of the Partnership are limited by the express requirement that it "shall take all actions necessary or appropriate to protect the interests of the Limited Partners [i.e., SHF and SLP] and of the Partnership."

10.     Critically, Section 8.02 limits the authority of the General Partner in several ways.  In particular, Section 8.02(b) provides that the "General Partner shall not, without the Consent of the

Special Limited Partner which consent may be withheld in its sole and absolute discretion, have any authority to (i) sell or otherwise dispose of, at any time, all or any material portion of the assets of the Partnership, except as expressly provided in this Agreement."

11.     Section 12.03 of the Partnership Agreements grants, under separate terms, a ROFR pursuant to Section 42 of the Internal Revenue Code to RBSCC or its designee.   The purchase price of the ROFR is defined, as allowed under Section 42(i)(7)(A) of the Internal Revenue Code, as the sum of all outstanding indebtedness, any loan made by SHF, the amount of any Tax Credit Shortfall (as defined in the Partnership Agreement), and the amount of all federal, state, and local taxes projected to be attributed to the sale and receipt of proceeds by the Limited Partners.

12.     The ROFR under Section 12.03 of the Partnership Agreement may be exercised only in accordance with all terms and conditions of the Partnership Agreement and New York law. Importantly, the ROFR may not be triggered until such time as the Limited Partners form a genuine intent to sell the Apartment Complex and request that the Apartment Complex be sold, which has not occurred.  Thus, Riseboro's and Stockholm's attempts to unilaterally trigger the ROFR violate not only the terms and conditions of the Partnership Agreement and New York law with respect to rights of first refusal, but such exercise would improperly convert the ROFR into an option, which is contrary to the plain language of the Partnership Agreement.  In addition, such attempts are directly contrary to the interests of SHF and SLP and, thus, contrary to the obligations under Section 8.01 of the Partnership Agreement to protect the interests of the Limited Partners.

13.     A ROFR has a long-established meaning under the law of New York and the general common law, which includes, among other elements, a genuine and honest offer of purchase from a third party, sufficient to support the formation of a contract, and a genuine and honest interest and

intent by the owner to accept the offer and sell the subject property to a third party, none of which exist in the present case.

14.     By contrast, an option to purchase has a long established meaning under the law of New York and the general common law that provides an open, standing offer to sell the subject property, which may be exercised by the option holder upon the terms agreed for the option, even if the seller does not then wish to sell.

**Riseboro's and Stockholm's Unjustified Attempt to<br>
Wrongfully Dispose of the Apartment Complex**

15.     On or about November 2, 2015, Riseboro sent an email to representatives of SHF and SLP purporting to exercise a right to purchase the Apartment Complex under Section 12.03 of the Partnership Agreement.

16.     Representatives of Defendants responded that same day that they were not interested in selling the Apartment Complex, and they did not consent to any such sale, so Section 12.03 of the Partnership Agreement was not triggered, as it only provided a ROFR.

17.     On or about February 13, 2018, Riseboro again purported to exercise a right to purchase the Apartment Complex under Section 12.03 of the Partnership Agreement

18.     On April 17 and April 24, 2018, SHF and SLP wrote to Riseboro, explaining that Section 12.03 of the Partnership Agreement provides only a ROFR, which under long-established law of New York requires a *bona fide* third-party offer to purchase and a genuine intent by the Limited Partners to sell the Apartment Complex.

19.     SHF and SLP, which together own 99.9% of the Partnership, have no interest at this time in selling the Apartment Complex, and it is against their interests to sell at this time. Furthermore, it is against the interests of the Partnership to sell the Apartment Complex at this time.

20.     Upon information and belief, neither Stockholm nor Riseboro have considered the best interests of the Partnership, SHF, or SLP in considering whether to sell the Apartment Complex. Neither Riseboro nor Stockhom undertook a reasonable appraisal of the Apartment Complex, obtained any legal opinion concerning tax consequences from its sale, obtained the express consent of SHF or SLP as required by Section 8.02(b) thereof, or investigated other consequences to the Partnership and the Limited Partners of a sale.

21.     Despite the failure to satisfy the conditions required by the Partnership Agreement for the triggering and exercise of the ROFR, the lack of consent by SHF and SLP, and the failure to meet any and all other conditions required in connection with a proper exercise of the ROFR, Riseboro has continued to represent that it intends to exercise the ROFR granted under the Partnership Agreement.

22.     Upon information and belief, Stockholm, which is under the control of Riseboro, does not appear to have objected to Riseboro's purported exercise of the ROFR, nor has Stockholm taken any other action to protect the interests of the Partnership or the Limited Partners.

### AS AND FOR A FIRST COUNTERCLAIM
(Declaratory Judgment)

23.     SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "22" as if set forth fully herein.

24.     Pursuant to 28 U.S.C. § 2201, this Court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.

25.     There is presently a concrete and justiciable legal dispute between the parties concerning their legal rights, obligations, and standing under the terms of the Partnership

Agreement, the laws of New York, the Internal Revenue Code, regulations and rules promulgated to implement the Low Income Housing Tax Credit ("LIHTC") program, and Congressional intent.

26.     In particular, Section 42(i)(7) of the Code provides:

> Impact of tenant's right of 1st refusal to acquire property.
>
> (A) In general.  No Federal income tax benefit shall fail to be allowable to the taxpayer with respect to any qualified low-income building merely by reason of a right of 1st refusal held by the tenants (in cooperative form or otherwise) or resident management corporation of such building or by a qualified nonprofit organization (as defined in subsection (h)(5)(C)) or government agency to purchase the property after the close of the compliance period for a price which is not less than the minimum purchase price determined under subparagraph (B).
>
> (B) Minimum purchase price.  For purposes of subparagraph (A), the minimum purchase price under this subparagraph is an amount equal to the sum of--
>
>> (i) the principal amount of outstanding indebtedness secured by the building (other than indebtedness incurred within the 5-year period ending on the date of the sale to the tenants), and
>>
>> (ii) all Federal, State, and local taxes attributable to such sale.
>
> Except in the case of Federal income taxes, there shall not be taken into account under clause (ii) any additional tax attributable to the application of clause (ii).

27.     Upon information and belief, Riseboro believes that the terms of Section 42(i)(7) trump, displace, or preempt both the terms of the Partnership Agreement and New York law concerning the well-established meaning of an ordinary ROFR.  Riseboro's position disregards the requirements, under New York law and the Partnership Agreement, concerning a bona fide third-party offer to purchase, the seller's honest intent to sell to a third party, the seller's genuine interest in the third party's offer, and the consent necessary by the partner holding the overwhelming percentage of all partnership interests to request a sale.

- 21 -

28.     SHF and SLP believe that the explicit words and plain meaning of "right of first refusal" in Section 42(i)(7) set forth a conditional right, the conditions to which have not occurred and that when adopting this language in Section 42, Congress understood the difference between a ROFR and an option, and elected to use the term "right of first refusal" and not "option."

29.     Accordingly, SHF and SLP are entitled to a judgment declaring that Riseboro may not unilaterally exercise the ROFR granted in the Partnership Agreement, unless and until all the conditions necessary for the exercise of a ROFR under the law of New York and the Partnership Agreement have been satisfied.

## AS AND FOR A SECOND COUNTERCLAIM
### (Tortious Interference)

30.     SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "29" as if set forth fully herein.

31.     The Partnership Agreement constitutes a valid and enforceable written contract between SHF, SLP, and Stockholm.

32.     SHF and SLP have performed all of their obligations under the Partnership Agreement.

33.     Through its control of Stockholm, Riseboro threatens to or has caused Stockholm to definitively repudiate its obligations and duties under the Partnership Agreement to take all actions necessary and appropriate to protect the interests of SHF and SLP as the Limited Partners holding 99.9% of the partnership interests in the Partnership, and to refrain from taking any actions which are not authorized or granted under the Partnership Agreement.

34.     At all times, Riseboro was aware of the Partnership Agreement and that Stockholm, as General Partner, had various duties and obligations to the Limited Partners SHF and SLP thereunder.

35.     Stockholm's repudiation of its current and future obligations under the Partnership Agreement constitutes a breach of the Partnership Agreement and an Event of Default by Stockholm thereunder. Stockholm's repudiation of its obligations under the Partnership Agreement was the direct and proximate cause of Riseboro's conduct in connection with the ROFR which conduct was designed and intended to cause Stockholm to repudiate its obligations under the Partnership Agreement.

36.     As the direct result of Riseboro's tortious interference, SHF and SLP are presently incurring and will incur damages and other harm in an amount to be proved at trial.

37.     Accordingly, SHF and SLP are entitled to a judgment in the amount of their present and future damages and/or a judgment granting specific performance precluding any transfer or sale of the Apartment Complex to Riseboro pursuant to the ROFR, unless and until all necessary conditions for the ROFR are satisfied.

### AS AND FOR A THIRD COUNTERCLAIM
(Aiding and Abetting Breach of Fiduciary Duty)

38.     SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "37" as if set forth fully herein.

39.     Stockholm entered into a partnership with SHF and SLP, and each partner has duties of utmost good faith, honesty, fairness, loyalty, and to avoid self-dealing.  In addition, managing partners owe duties of diligence, due care, and undivided loyalty to manage all assets and the business of the partnership for the benefit of the partners.

40.     Through its control of Stockholm, Riseboro threatens to cause Stockholm to dispose of substantially all property and assets of the Partnership, for less than fair value, over the express objection of SHF and SLP, and in violation of the terms of the ROFR granted to RBSCC.  This

course of action constitutes breaches of Stockholm's fiduciary duties owed to SHF and SLP, which Riseboro has knowingly motivated, assisted, and encouraged.

41.    As a direct result of Riseboro's aiding and abetting of Stockholm's breaches, SHF and SLP have suffered and continue to suffer damages as well as irreparable harm to their rights as partners and holders of no less than 99.9% of the interests in the Partnership.

42.    Accordingly, SHF and SLP are entitled to a judgment in an amount of damages to be proved at trial and/or an injunction restraining the conduct of Riseboro.

**WHEREFORE**, Defendants respectfully request the dismissal of Plaintiff's Complaint with prejudice, a judgment on the Counterclaim against Plaintiff, an award of costs and disbursements, including reasonable attorney fees incurred in the defense of this action, and such other and further relief as the Court deems just.

Dated: September 6, 2019
New York, New York

Respectfully submitted,

NIXON PEABODY LLP


By:   *s/ Juan Luis Garcia*
Juan Luis Garcia, Esq.

Tower 46
55 West 46th Street
New York, New York  10036-4120
Tel: (516) 832-7550
Fax: (855) 718-2103
jgarcia@nixonpeabody.com

and

Louis E. Dolan, Jr.
Nixon Peabody LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel: (202) 585-8818
Fax: (866) 947-3670
dolan@nixonpeabody.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*
*SunAmerica Housing Fund No. 682*
*and SLP Housing I, LLC*