UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISEBORO COMMUNITY PARTNERSHIP INC., formerly known as RIDGEWOOD BUSHWICK SENIOR CITIZENS COUNCIL, INC.,<br><br>                          Plaintiff,<br><br>- against -<br><br>SUNAMERICA HOUSING FUND NO. 682; SLP HOUSING I, LLC; and 420 STOCKHOLM STREET ASSOCIATES L.P,<br><br>                          Defendants.<br><br>SUNAMERICA HOUSING FUND NO. 682 and SLP HOUSING I, LLC,<br><br>                          Third-Party Plaintiffs,<br><br>- against -<br><br>420 STOCKHOLM CORP.,<br><br>                          Third-Party Defendant. | Case No.: 1:18-CV-07261-RJD-VMS<br><br>**THIRD-PARTY COMPLAINT** |

Defendants and Third-Party Plaintiffs SunAmerica Housing Fund 682, A Nevada Limited Partnership ("SHF") and SLP Housing I, LLC, a Nevada limited liability company ("SLP" and together with SHF "Defendants"), by and through their attorneys, Nixon Peabody LLP, as and for their Third-Party Complaint against 420 Stockholm Corp. ("Stockholm"), allege as follows:

### NATURE OF THE CASE

1. Stockholm and Defendants SHF and SLP constitute all the partners in 420 Stockholm Street Associates L.P. (the "Partnership"), and they are parties to the Partnership's

Amended and Restated Agreement of Limited Partnership, executed on May 1, 1999, as amended from time to time (the "Partnership Agreement").

2. The parties entered into the Partnership Agreement in order to acquire, rehabilitate, and operate a multi-family residential building, located in Brooklyn, New York (the "Apartment Complex") to provide affordable housing to qualified individuals, pursuant to the Low-Income Housing Tax Credit ("LIHTC") program under Section 42 of the Internal Revenue Code, 26 U.S.C. § 42 (the "Code").

3. The present dispute arises from the efforts of Stockholm, as General Partner, to improperly attempt to cause and to otherwise attempt to allow the Partnership to transfer the Apartment Complex to Stockholm's sole shareholder, Riseboro Community Partnership Inc. ("Riseboro"), by purporting to cause or allow Riseboro to exercise a right of first refusal (the "ROFR") granted under the Partnership Agreement.

4. The ROFR was granted to Ridgewood Bushwick Senior Citizens Council, Inc. ("RBSCC") which, upon information and belief, is a predecessor of Riseboro; the ROFR was granted in accordance with the Partnership Agreement and a provision of Section 42 of the Internal Revenue Code which permits such a ROFR to be granted to a qualified entity for a statutorily defined minimum purchase price.

5. Stockholm's and Riseboro's attempt to transfer and sell the Apartment Complex by purporting to allow Riseboro to exercise the ROFR is unlawful because none of the requisite triggering conditions has been satisfied, according to the well-established meaning of a right of first refusal under the common law and the Partnership Agreement.

6. Stockholm's and Riseboro's efforts are also contrary to the intent and wishes of SHF and SLP, which together own 99.9 percent of the interests in the Partnership and thus own an overwhelming majority of the Partnership.

7. Stockholm has definitively and finally represented its intent to breach its outstanding duties and obligations arising under the Partnership Agreement, by attempting to allow or causing a transfer of the Apartment Complex to Riseboro. Stockholm has therefore repudiated the Partnership Agreement, and there is a justiciable controversy concerning the interpretation of a ROFR granted pursuant to Section 42 of the Internal Revenue Code as well as terms and conditions of the Partnership Agreement governing the parties' relationship.

## THE PARTIES

8. The Partnership is a limited partnership, formed and existing under the laws of New York, with a principal place of business at Brooklyn, New York.

9. SHF is a limited partnership formed and existing under the laws of Nevada, with a principal place of business in Nevada.

10. SLP is a limited liability company formed and existing under the laws of Nevada, with a principal place of business in Los Angeles, California.

11. Upon information and belief, Stockholm is a not-for-profit corporation formed and existing under the laws of New York, with a principal place of business in Brooklyn, New York.

12. Upon information and belief, Riseboro is the sole shareholder of Stockholm, and Riseboro controls Stockholm.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Stockholm because it is a corporation created under the laws of New York and its principal place of business is in New York.

14. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and otherwise.

15. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims and causes of action asserted between the parties.

16. Under 28 U.S.C. § 1391, venue lies in the Eastern District of New York because the Apartment Complex, whose sale the parties dispute, is located in Kings County, New York, which is within the territorial limits of this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**
**COMMON TO ALL THIRD-PARTY CLAIMS**

**The Partnership Agreement**

17. On or about December 23, 1998, SHF and non-party 420 Stockholm Housing Development Fund Company, Inc. (the "HDFC") executed a Certificate of Limited Partnership for the formation of the Partnership pursuant to the terms of the New York Revised Uniform Limited Partnership Act. On the same date, SHF and the HDFC entered into an Agreement of Limited Partnership (the "Original Agreement").

18. On or about May 1, 1999, SHF, SLP, and the HDFC entered into the Partnership Agreement, which superseded the Original Agreement.

19. Under the terms of the Partnership Agreement, SHF and SLP are Limited Partners in the Partnership. SHF owns 99.89% of the partnership interests in the Partnership and is designated as the Investment Partnership. SLP owns 0.01% of the partnership interests in the Partnership and is designated as the Special Limited Partner.

20. Under the terms of the Partnership Agreement, the HDFC owned 0.1% of the partnership interests and was designated the General Partner.

21. On or about August 14, 2000, SHF, SLP, the HDFC, and Stockholm entered into a First Amendment to the Partnership Agreement, by which, among other things, Stockholm replaced the HDFC as the General Partner. Accordingly, as of that date, Stockholm became the General Partner, in place of the HDFC.

22. Section 3.02 of the Partnership Agreement grants the Partnership the power and authority to acquire the Land (as defined therein) and the Apartment Complex; to rehabilitate, operate, maintain, improve, buy, own, sell, convey, assign, mortgage, rent or lease any real estate and any personal property necessary to the operation of the Apartment Complex; provide affordable housing consistent with ancillary agreements, guidance and regulations adopted under the LIHTC program, and "subject to the approval of the Agency [defined as the New York State Housing Finance Agency] and/or the HFA Lender, if required, and to other limitations expressly set forth elsewhere in this Agreement, negotiate for and conclude agreements for the sale, exchange, lease or other disposition of all or substantially all of the property of the Partnership," among other powers.

23. Pursuant to Section 8.01(a) of the Partnership Agreement, the management and operation of the Apartment Complex were entrusted to the General Partner, which is now Stockholm.

24. Importantly, however, the discretion and authority of the General Partner to manage and control the Apartment Complex and any other decisions affecting the business of the Partnership are limited by the express requirement that the General Partner "shall take all actions necessary or appropriate to protect the interests of the Limited Partners [i.e., SHF and SLP] and of the Partnership."

25. Critically, Section 8.02 limits the authority of the General Partner in several ways. In particular, Section 8.02(b) provides that the "General Partner shall not, without the Consent of the Special Limited Partner which consent may be withheld in its sole and absolute discretion, have any authority to (i) sell or otherwise dispose of, at any time, all or any material portion of the assets of the Partnership, except as expressly provided in this Agreement."

26. The ROFR is contained in Section 12.03 of the Partnership Agreements, which is granted to RBSCC or its designee. The purchase price of the ROFR is defined, as allowed under Section 42(i)(7) of the Internal Revenue Code, as the sum of all outstanding indebtedness, any loan made by SHF, the amount of any Tax Credit Shortfall (as defined in the Partnership Agreement), and the amount of all federal, state, and local taxes projected to be attributed to the sale and receipt of proceeds by the Limited Partners.

27. The ROFR under Section 12.03 of the Partnership Agreement may be exercised only in accordance with all terms and conditions of the Partnership Agreement, the Internal Revenue Code and regulations and guidance thereunder, and New York law. In this regard, the General Partner (i.e., Stockholm) is obligated under Section 8.01 of the Partnership Agreement to protect the interests of the Limited Partners, without any exceptions or limitations. Thus, Riseboro's and Stockholm's attempts to unilaterally trigger the ROFR, over the explicit objections of the Limited Partners and without regard to their interests, violate the terms and conditions of the Partnership Agreement.

28. In addition, the ROFR under Section 12.03 may only be exercised in accordance with the well-established meaning of rights of first refusal under New York Law, which requires certain conditions precedent that have not been satisfied.

29. Riseboro's and Stockholm's unilateral attempts to exercise the ROFR contained in the Partnership Agreement is also wrong because it obliterates the long-established legal distinctions between an option to purchase and rights of first refusal.

30. Upon information and belief, when it was considering Section 42(i)(7), Congress understood the legal distinctions in the common law between an option and a right of first refusal, and elected to use the words "right of 1st refusal" in the statute.

### Riseboro's and Stockholm's Unjustified Attempt to Wrongfully Dispose of the Apartment Complex

31. On or about November 2, 2015, Riseboro sent an email to representatives of SHF and SLP purporting to exercise a right to purchase the Apartment Complex under Section 12.03 of the Partnership Agreement.

32. Representatives of Defendants responded that same day that they were not interested in selling the Apartment Complex, and they did not consent to any such sale, so Section 12.03 of the Partnership Agreement was not triggered, as it only provided a right of first refusal.

33. On or about February 13, 2018, Riseboro again purported to exercise a right to purchase the Apartment Complex under Section 12.03 of the Partnership Agreement

34. On April 17 and April 24, 2018, SHF and SLP wrote to Riseboro, explaining that Section 12.03 of the Partnership Agreement provides only a right of first refusal, which under long-established law of New York requires a *bona fide* third-party offer to purchase and a genuine intent by the Limited Partners to sell the Apartment Complex.

35. SHF and SLP, which together own 99.9 percent of the Partnership, have no interest at this time in selling the Apartment Complex, and it is against their interests to sell at this time. Furthermore, it is against the interests of the Partnership to sell the Apartment Complex at this time.

36. Upon information and belief, Stockholm has failed to take any action to protect the interests of the Limited Partners in response to Riseboro's unilateral attempts to exercise the ROFR contained in the Partnership Agreement.

37. Upon information and belief, neither Stockholm nor Riseboro have considered the best interests of the Partnership, SHF or SLP in considering whether to sell the Apartment Complex.

38. Despite the failure to satisfy the conditions required by the Partnership Agreement for the triggering and exercise of the ROFR, the lack of consent by SHF and SLP, and the failure to meet any and all other conditions required in connection with a proper exercise of the ROFR, Riseboro and Stockholm have continued to represent that they intend to allow Riseboro to exercise the ROFR granted under the Partnership Agreement.

## **AS AND FOR A FIRST CLAIM**
(Declaratory Judgment)

39. SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "38" as if set forth fully herein.

40. Pursuant to 28 U.S.C. § 2201, this Court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.

41. There is presently a concrete and justiciable legal dispute between the parties concerning their legal rights, obligations, and standing under the Internal Revenue Code, the terms of the Partnership Agreement, the laws of New York, regulations and rules promulgated to implement the LIHTC program, and Congressional intent.

42. In particular, Section 42(i)(7) of the Code provides:

> Impact of tenant's right of 1st refusal to acquire property.
>
> (A) In general. No Federal income tax benefit shall fail to be allowable to the taxpayer with respect to any qualified low-income building merely by reason of a right of 1st refusal held by the tenants (in cooperative form or otherwise) or resident management corporation of such building or by a qualified nonprofit organization (as defined in subsection (h)(5)(C)) or government agency to purchase the property after the close of the compliance period for a price which is not less than the minimum purchase price determined under subparagraph (B).
>
> (B) Minimum purchase price. For purposes of subparagraph (A), the minimum purchase price under this subparagraph is an amount equal to the sum of--
>
>> (i) the principal amount of outstanding indebtedness secured by the building (other than indebtedness incurred within the 5-year period ending on the date of the sale to the tenants), and
>>
>> (ii) all Federal, State, and local taxes attributable to such sale.
>
> Except in the case of Federal income taxes, there shall not be taken into account under clause (ii) any additional tax attributable to the application of clause (ii).

43. Upon information and belief, Stockholm believes that the terms of Section 42(i)(7) trump, displace, or preempt both the terms of the Partnership Agreement and New York law concerning the well-established meaning of an ordinary right of first refusal. Stockholm's position disregards the requirements of and conditions precedent to exercising a ROFR that must first be satisfied under New York law.

44. The explicit words and plain meaning of "right of 1st refusal" in Section 42(i)(7) set forth a conditional right and the conditions have not occurred.

45. Accordingly, SHF and SLP are entitled to a judgment declaring that Stockholm and Riseboro may not unilaterally allow or cause the ROFR granted in the Partnership Agreement to

be exercised, unless and until all the conditions necessary for the exercise of a right of first refusal under the law of New York and the Partnership Agreement have been satisfied.

## AS AND FOR A SECOND CLAIM
(Breach of Contract)

46. SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "45" as if set forth fully herein.

47. The Partnership Agreement constitutes a valid and enforceable written contract between SHF, SLP and Stockholm.

48. SHF and SLP have performed all of their obligations under the Partnership Agreement.

49. Stockholm has definitively repudiated its obligations and duties under the Partnership Agreement to take all actions necessary and appropriate to protect the interests of SHF and SLP as the Limited Partners and to refrain from taking any actions which are not authorized or granted under the Partnership Agreement.

50. Stockholm's repudiation of its current and future obligations under the Partnership Agreement constitutes a breach of the Partnership Agreement and an Event of Default by Stockholm thereunder.

51. As the direct result of Stockholm's breach of the Partnership Agreement, SHF and SLP are presently incurring and will incur damages and other harm in an amount to be proved at trial.

52. Accordingly, SHF and SLP are entitled to a judgment in the amount of their present and future damages and/or a judgment granting specific performance precluding any transfer or sale of the Apartment Complex to Riseboro pursuant to the ROFR, unless and until all necessary conditions for the ROFR are satisfied.

**AS AND FOR A THIRD CLAIM**
(Breach of Fiduciary Duty and Waste)

53. SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "52" as if set forth fully herein.

54. Stockholm entered into a partnership with SHF and SLP, and owes each of the other partners duties of utmost good faith, honesty, fairness, loyalty, and has an obligation to avoid self-dealing. In addition, managing partners owe duties of diligence, due care, and undivided loyalty to manage all assets and the business of the partnership for the benefit of the partners and the partnership.

55. In disregard of the best interests of the Limited Partners and the Partnership, Stockholm threatens to take and has taken actions to dispose of substantially all property and assets of the Partnership, for less than fair value, over the express objection of SHF and SLP, and in violation of the terms of the ROFR.

56. Upon information and belief, Stockholm has failed to take any action to consider any detriment or harm to the Limited Partners from Riseboro's attempts to exercise the ROFR granted in the Partnership Agreement, and Stockholm has failed to protect and advance the interests of the Limited Partners, including their entitlement to continuing economic benefits they derive from the ownership of the Apartment Complex.

57. Upon information and belief, because Riseboro is the sole shareholder of Stockholm, Stockholm is advancing the interests of Riseboro over the interests of the Limited Partners, and Stockholm anticipates or expects to derive a benefit from Stockholm's approval of a sale to Riseboro.

58. Stockholm's course of action constitutes breaches of Stockholm's fiduciary duties owed to SHF and SLP, and waste of the assets of the Partnership.

59. As a direct result of Stockholm's breaches of its fiduciary duties and waste, SHF and SLP have suffered and will continue to suffer damages as well as irreparable harm to their rights as partners and holders of no less than 99.9 percent of the interests in the Partnership.

60. Accordingly, SHF and SLP are entitled to a judgment in an amount of damages to be proved at trial and/or an injunction restraining the conduct of Stockholm.

## AS AND FOR A FOURTH CLAIM
(Indemnification)

61. SHF and SLP repeat and re-allege each and every allegation set forth in the foregoing paragraphs "1" through "60" as if set forth fully herein.

62. Under the terms of the Partnership Agreement, the parties agreed that SHF and SLP, as Limited Partners, would not be exposed to any liability for claims asserted by any stranger to the Partnership (i.e., any third parties).

63. Under Section 4.01(bb) of the Partnership Agreement, the parties agreed that the General Partner (i.e., Stockholm) shall indemnify and hold harmless the Investment Partnership (i.e., SHF) against a breach of any representations, warranties and covenants contained in the Partnership Agreement and from any damage, loss or claim caused thereby, including reasonable attorney's fees and costs and expenses of litigation and collection.

64. As General Partner, Stockholm assumed and ratified the following representations, warranties, and covenants:

    (a.) "the consummation of the transactions contemplated by [the Partnership Agreement] [i.e., including the ROFR] do not violate any provision of law . . . (Section 4.01(i) of the Partnership Agreement);

    (b.) "the Partnership will be and will continue to be a valid limited partnership . . . and shall have taken and shall continue to take all action under the laws of the State and any other applicable jurisdiction that is necessary to protect the limited liability of the Limited Partners . . ." (Section 4.01(n) of the Partnership Agreement);

  (c.) "the General Partner shall take all actions necessary or appropriate to protect the interests of the Limited Partners and of the Partnership" (Section 8.01(a) of the Partnership Agreement);

  (d.) "[t]he General Partner shall not have any authority to: . . . . (iii) do any act required to be approved or ratified in writing by the Limited Partners under the Act unless the right to do so is expressly otherwise given in this Agreement" (Section 8.02(a) of the Partnership Agreement);

  (e.) "[t]he General Partner shall not, without the Consent of the Special Limited Partner which Consent may be withheld in its sole and absolute discretion, have any authority to: (i) sell or otherwise dispose of, at any time, all or any material portion of the assets of the Partnership, except as expressly provided in this Agreement"; (Section 8.02(b) of the Partnership Agreement); and

  (f.) others.

65. Riseboro's claims asserted against SHF and SLP constitute third-party claims which attempt to violate the limited liability of the Limited Partners, as guaranteed under the Partnership Agreement.

66. Pursuant to the terms of the General Partner's representations, warranties and covenants contained in the Partnership Agreement, Stockholm is obligated to undertake all necessary actions to defend and protect SHF and SLP, as Limited Partners, from any liability.

67. Accordingly, SHF and SLP are entitled to be indemnified for all their attorneys' fees, costs and expenses of litigation in connection with the claims filed by Riseboro against Defendants and for any other losses they may suffer. In addition, if SHF or SLP, or both, are held liable to Riseboro, then Defendants shall be entitled to full indemnification in the amount of any such liability.

**WHEREFORE**, SHF and SLP respectfully request that this Court enter judgment in their favor and against Stockholm, as follows:

    A.    On the First Claim, granting SHF and SLP a declaration that:

        (1)    Stockholm and Riseboro have failed to satisfy all conditions precedent and subsequent for the exercise the Right of First Refusal in the Partnership Agreement and are prohibited from so doing.

        (2)    Stockholm is prohibited from transferring the Apartment Complex to Riseboro or otherwise allowing Riseboro to undertake any ownership or control over the Apartment Complex or its mortgage indebtedness under the Right of First Refusal contained within the Partnership Agreement.

    B.    On the Second Claim, awarding SHF and SLP damages in an amount to be proved at trial, plus applicable interest thereon, and a judgment of specific performance of the terms of the Partnership Agreement such as to prohibit any transfer of the Apartment Complex pursuant to the ROFR unless all conditions necessary for its exercise are satisfied;

    C.    On the Third Claim, awarding SHF and SLP damages in an amount to be proved at trial, plus applicable interest thereon, and an injunction against Stockholm prohibiting any transfer of the Apartment Complex pursuant to the ROFR unless all conditions necessary for its exercise are satisfied;

    D.    On the Fourth Claim, awarding SHF and SLP the amount of their attorneys' fees, disbursements, and other expenses incurred in the defense of the litigation commenced by Riseboro, plus applicable interest thereon; and, in the event of any assessment of liability against SHF and/or SLP, granting them full indemnification from Stockholm in the amount of any judgment, damages, expense, claim or liability assessed against SHF and/or SLP; and

     E.    Awarding SHF and SLP such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 20, 2019<br>New York, New York | Respectfully submitted,<br><br>NIXON PEABODY LLP<br><br>By: _s/ Juan Luis Garcia_<br>    Juan Luis Garcia, Esq.<br><br>Tower 46<br>55 West 46th Street<br>New York, New York 10036-4120<br>Tel: (516) 832-7550<br>Fax: (855) 718-2103<br>jgarcia@nixonpeabody.com<br><br>and<br><br>Louis E. Dolan, Jr.<br>Nixon Peabody LLP<br>799 9th Street NW, Suite 500<br>Washington, DC 20001-5327<br>Tel: (202) 585-8818<br>Fax: (866) 947-3670<br>dolan@nixonpeabody.com<br>*Admitted Pro Hac Vice*<br><br>*Attorneys for Defendants and Third-Party Plaintiffs, SunAmerica Housing Fund No. 682, A Nevada Limited Partnership, and SLP Housing I, LLC, a Nevada limited liability company* |