

Client Focused. Results Driven.

Brian J. Markowitz
(646) 768-4127
bmarkowitz@GoldsteinHall.com

October 18, 2019

**VIA ECF AND PERSONAL DELIVER**
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: **Riseboro Community Partnership Inc., against**
      **SunAmerica Housing Fund No. 682, et al.**
      **Docket No. 18-cv-07261 (RJD)**

Hon. Judge Dearie:

   This office represents plaintiff in the above referenced action currently pending before your Honor. I am writing pursuant to Your Honor's Individual Motion Practice Rules IIIA to request a pre-motion conference, with respect to Plaintiff's proposed motion to dismiss, pursuant to FRCP 12(b)(6), two of the Counterclaims interposed by the Defendants.

   Following Your Honor's decision on Plaintiff's Motion to Remand and following the Initial Scheduling Order, Defendants served and filed an Answer with Counterclaims (ECF Docket No. 25) ("Answer") on September 6, 2018. On September 26, 2019, Judge Scanlon extended Plaintiff's time to reply to the Counterclaims. Defendants assert three Counterclaims, the first, seeks its own declaratory judgment, declaring that Plaintiff cannot "unilaterally exercise the ROFR granted in the Partnership Agreement, unless and until all the conditions necessary for the exercise of a ROFR under the law of New York and the Partnership Agreement have been satisfied." Answer at ¶ 29. The Second Counterclaim seeks to assert liability based on the theory of tortious interference and the Third Counterclaim asserts liability based on a theory of aiding and abetting breach of a fiduciary duty. For the reasons discussed below, Plaintiff seeks to dismiss the Second and Third Counterclaim.

   With respect to Defendants' claim for tortious interference with contract, Defendants have failed to properly plead this cause of action, if one even existed in this context. To be clear, Defendants seek to premise liability on behalf of the Plaintiff, based on Plaintiff's attempt to exercise a right granted to it in the underlying Operating Agreement. Even assuming, *arguendo,* that Plaintiff is incorrect in its interpretation of the Operating Agreement, such an

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100   HV 914.713.6402   F 646.219.2450   E info@goldsteinhall.com   W www.goldsteinhall.com

Case 1:18-cv-07261-RJD-JRC Document 29 Filed 10/18/19 Page 2 of 3 PageID #: 512



**Client Focused. Results Driven.**

Page **2** of **3**

interpretation, cannot rise to the level of a tortious interference as Defendants allege. Moreover, when the parties realized their interpretations conflict, Plaintiff did not strong-arm or in any way attempt to circumvent Defendants position. Neither Plaintiff nor the General Partner took any actions contrary to Defendants' direction, but rather, commenced the instant proceeding seeking a declaration regarding the parties' rights and obligations. This is not tortious interference, but rather a civil resolution of a dispute. In any event, the allegations contained in the Counterclaim must rise beyond mere speculation and must contain more than labels and conclusion or formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, (2007).

Tortious interference occurs when a business or individual who is not a party to a contract disrupts a business relationship formed by a contract. *Lama Holding v. Smith Barney*, 88 N.Y.2d 413, 424 (1996). Under New York law, the elements of tortious interference with contract are, 1) the existence of a valid contract between the plaintiff and a third party, 2) the defendant had knowledge of the contract, 3) the defendant intentional procurement of the third-parties breach of the contract without justification, 4) actual breach of contract and 5) damages result therefrom. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Here, Defendants fail to allege an actual breach of contract. Similar to the Court's holding in *Castorino v. Citibank N.A.*, No. 07 CIV. 10606 (PAC), 2008 WL 5114482, at 3 (S.D.N.Y. Dec. 5, 2008), the fact that the Operating Agreement provides that Plaintiff shall have a right to exercise the right of first refusal puts the alleged breach of contract claim "squarely at odds" with the Operating Agreement. *Id.* at 3. As stated, Defendants seek to equate the exercise of Plaintiff's contractual right with a breach of contract. Such a chilling effect to the right to exercise contractual rights cannot be permitted to stand and Defendants should not be permitted to shoehorn such bare allegations into a claim for relief. Further, beyond merely stating that Plaintiff threatens to or has caused Stockholm to repudiate the Partnership Agreement, Defendant fails to allege any supporting facts that Stockholm has repudiated the Partnership Agreement, or that it has even been repudiated. Defendants completely fail to allege any factual support, beyond labels and mere speculation concerning its allegations. Additionally, because one of the elements of tortious interference is actual damages, Defendants bare bones allegation that it is presently incurring or will incur damages is insufficient to sustain a claim for relief.

Similarly, Defendants' claim for aiding and abetting a breach of a fiduciary duty likewise must fail. The elements for aiding and abetting a breach of fiduciary duty is well established in the New York, and requires "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Ginsburg Dev. Companies, L.L.C. v. Carbone*, 134 A.D.3d 890, 893–94, 22 N.Y.S.3d 485, 489 (2d Dep't 2015). "A defendant knowingly participates in the breach of fiduciary duty when he or she provides 'substantial assistance' to the fiduciary, which occurs 'when a defendant affirmatively assists, helps conceal or fails to act when required

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV 914.713.6402  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com



Client Focused. Results Driven.

Page **3** of **3**

to do so, thereby enabling the breach to occur.'" *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 25, 17 N.Y.S.3d 678, 689 (1st Dep't 2015), *quoting Kaufman v Cohen,* 307 A.D.2d 113, 126, 760 N.Y.S.2d 157 (1st Dep't 2003).  "[A] third-party relationship between the alleged aider and abettor and the corporation is a necessary element in any such action." *Solow v. Stone*, 994 F.Supp. 173, 181 (S.D.N.Y.), *aff'd*, 163 F.3d 151 (2d Cir.1998).  Additionally, Defendants failed to adequately plead any of the elements of such a claim, especially given FRCP 9(b)'s heightened pleading requirements for fraud based claims.  *O'Connell v. Arthur Andersen, LLP (In re AlphaStar Ins. Grp. Ltd.)*, 383 B.R. 231, 257, 259 (Bankr. S.D.N.Y. 2008) (Bernstein, J.) (applying Rule 9(b) requirements to breach of fiduciary duty and aiding and abetting claims) ("Even where fraud is not an element of the claim, the allegations must satisfy Fed. R Civ. P. 9(b) if the claim is based on fraudulent conduct.")  Particularity for the purposes of Rule 9(b), a Defendants are required to state the "who, what, when, and where" of the alleged fraud. *See* 2 Moore's Federal Practice § 9.03[b] (3d ed. 2012) Defendants have not and cannot meet this heightened standard.  Again, Defendants seek to equate Plaintiff's exercise of its contractually granted right of first refusal with some form of fraud or breach of fiduciary duty.

It is important to note that in the *Homeowner's Rehab v. Related Corporate v SLP, L.P.* matter the defendants therein made similar claims and such claims were summarily dismissed.  As held by the motion court therein, "[b]ecause the Counterclaim is based on conduct that the relevant contracts clearly permit and because there is no additional evidence of bad faith on the plaintiff's part, this Court also concludes that the counterclaims must be dismissed." Memorandum of Decision and Order on Plaintiffs' Motion for Summary Judgment.  This was affirmed by the Massachusetts Supreme Judicial Court. 479 Mass. 741, 763 (2018) ("Finally, we also conclude that the judge correctly granted summary judgment to the plaintiffs on the defendants' counterclaim alleging that the general partner committed a breach of its fiduciary duty …")

Accordingly, Plaintiff respectfully requests a pre-motion conference seeking leave to file a motion to dismiss Defendants' second and third counterclaims.

Very truly yours,

S/ *Brian J. Markowitz*
Brian J. Markowitz

CC:   Nixon Peabody LLP
 Attorney for Defendants
  Attn:  Louis E. Dolan, Jr.
   Juan Luis Garcia
 Via Email and ECF

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV 914.713.6402  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com