

**Louis E. Dolan, Jr.**
*Partner*
T 202-585-8818
ldolan@nixonpeabody.com

Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001-4501
202-585-8000

October 29, 2019

*VIA ECF*

Honorable Raymond J. Dearie
United States District Court Judge
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      RE:    *Riseboro Community P'ship Inc. v. SunAmerica Housing Fund 682, et al.*
              No. 18-cv-07261 (RJD)

Dear Judge Dearie:

      On behalf of Defendants SunAmerica Housing Fund No. 682, A Nevada Limited Partnership ("SHF 682") and SLP Housing I, LLC ("SLP" and together with SHF 682, "Defendants"), we write in response to Plaintiff's request to file a motion to dismiss Defendants' second and third counterclaims for tortious interference and aiding and abetting breach of fiduciary duty.

      Plaintiff's proposed motion should be discouraged or held in abeyance pending briefing and decision on Defendants' proposed motion for partial summary judgment, which would resolve the interpretation of 26 U.S.C. § 42(i)(7) and the interpretation of the right of first refusal disputed by the parties, the primary substantive issues in the case.  Defendants are submitting a request for permission to file such a motion concurrently with this response.  A decision on these legal issues is likely to affect the disposition of all other claims in this case.  Accordingly, it would be wasteful to also brief and consider a motion that only addresses the form of the pleading with respect to some, but not all, of the counterclaims.

      With respect to Defendants' first counterclaim for tortious interference, Plaintiff assumes that its interpretation of Section 42(i)(7) is correct, such that its conduct cannot be wrongful.  Plaintiff is wrong.  Under New York law, the elements of tortious interference with contract are "(1) the existence of a valid contract between plaintiff and a third party, (2) defendant's knowledge of the contract, (3) defendant's intentional procurement of the third party's breach of the contract without justification, (4) actual breach of the contract, and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006).  Unlike a claim for tortious interference with prospective advantage, an independently wrongful or fraudulent act is not required.  Rather, the touchpoint is a knowing procurement of another party's breach.  Here, all prongs of the cause of action are satisfied as a matter of pleading.

4811-6052-7786.2

Honorable Raymond J. Dearie
October 29, 2019
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

While Plaintiff has a right of first refusal, none of the conditions precedent required under New York law has been satisfied for the exercise of that right. Plaintiff is the sole shareholder of 420 Stockholm Corp. ("Stockholm"), which is the General Partner of the partnership entity (the "Partnership") that owns the Apartment Complex at issue in this case. Defendants are Limited Partners of Partnership, holding 99.9% of all partnership interests. As sole shareholder of Stockholm, Plaintiff knows that Stockholm is subject to certain contractual obligations under the partnership agreement. Nonetheless, Plaintiff has caused Stockholm to align itself with Stockholm's sole corporate parent, Plaintiff, against the interests of the Defendants. The conduct is clear self-dealing, designed to transfer *all* the assets of the Partnership to Plaintiff. To further this self-dealing, Plaintiff and Stockholm have made definitive declarations of their intent to repudiate Stockholm's contractual obligations.

A party's definitive declaration of its intent not to perform under a contract is a form of breach of contract through repudiation. Thus, a claim for tortious interference with contract may also be asserted on the basis of an anticipatory repudiation of one's contractual undertakings. *Artists Rights Enf't Corp. v. Estate of Robinson*, No. 15 CIV. 9878 (ER), 2018 WL 1617890 (S.D.N.Y. Mar. 29, 2018). In *Artists Rights*, the court sustained a tortious interference claim, upon a motion to dismiss, because the facts alleged that the defendants had caused another party to repudiate its contractual obligations. *Id.* at *6. Such an anticipatory repudiation satisfied the breach element of the cause of action.

Where the tortious interference claim is founded upon another party's repudiation of the contract, the future, anticipated benefits of the contract constitute the recoverable damages. Thus, in *Artists Rights*, the court also sustained the claim for tortious interference because a repudiation leads to recoverable expectation and consequential damages, including the future benefits of the repudiated contract. *Id.* Moreover, in a case where the parties had agreed to transfer intellectual property rights, defendant's procurement of a party's repudiation of the agreement supported recoverable damages for tortious interference. *Armstrong Pump, Inc. v. Hartman*, 745 F. Supp. 2d 227, 237 (W.D.N.Y. 2010). A plaintiff in a tortious interference case is entitled to "damages in the amount of the full pecuniary loss of the benefits of the contract" as well as any and all damages proximately caused by the defendant's tortious interference. *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 589 (2d Cir. 1996); 97 Am. Jur. Trials 107. Here, Defendants have also incurred other out-of-pocket damages, such as attorney's fees and administrative fees. Therefore, it would be inappropriate to dismiss this claim.

With respect to the third counterclaim for aiding and abetting breach of fiduciary duty, Plaintiff again assumes that its interpretation of Section 42(i)(7) is correct. New York law recognizes that "a third person who knowingly participates in a breach of trust 'is liable to the beneficiary for any loss caused by the breach of trust.'" *S & K Sales Co. v. Nike, Inc*., 816 F.2d 843, 851 (2d Cir. 1987) (quoting *Restatement (2d) of Trusts* § 291 and citing other authorities). The claim does not require fraudulent, malevolent or other independently tortious acts. It is sufficient that the defendant knows of a third party's fiduciary status and knowingly participates

4811-6052-7786

Honorable Raymond J. Dearie
October 29, 2019
Page 3

in that breach. According to the New York Court of Appeals, "knowing participation" is the touchpoint of such a claim. *Wechsler v. Bowman*, 285 N.Y. 284, 291 (1941). This does not require an independently fraudulent or deceptive act such as to fall within Fed. R. Civ. P. 9(b). Rather, as the Second Circuit held in *S & K Sales*, a defendant's knowing advantage or profiteering from another party's breach of trust may constitute "participation" in the breach. *S & K Sales*, 816 F.2d at 849 (affirming a jury charge providing that "knowing acceptance" of the benefits of a breach of trust could constitute aiding and abetting conduct). Here, Plaintiff clearly stands to benefit from Stockholm's self-dealing in favor of its corporate parent. Therefore, Plaintiff's knowing acceptance of Stockholm's abandonment of its fiduciary duties constitutes aiding and abetting a breach of fiduciary duty.

Claims for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty are equitable claims that support not only recovery of damages, but also equitable relief in the form of an injunction. Therefore, Plaintiff's argument that Defendants have not incurred any damages is meritless. Plaintiff's threatened course of conduct is a sufficiently impending threat which may support a permanent injunction.

For all these reasons, it would be far more efficient to entertain the motion proposed by Plaintiff at a later stage in this case, once the more substantive issues relating to the exercise of the right of first refusal have been decided.

Respectfully submitted,

*/s/ Louis E. Dolan, Jr.*

Louis E. Dolan, Jr. (admitted *pro hac vice*)


cc:     Goldstein Hall PLLC
        Attorneys for Plaintiff

4811-6052-7786