

**Louis E. Dolan, Jr.**
T 202-585-8818
ldolan@nixonpeabody.com

799 9th Street NW
Suite 500
Washington, DC  20001-4501
202-585-8000

October 29, 2019

***VIA ECF***

Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> **RE:** *Riseboro Community P'ship Inc. v. SunAmerica Housing Fund 682, et al.*
> No. 18-cv-07261 (RJD)

Dear Judge Dearie:

  On behalf of Defendants SunAmerica Housing Fund No. 682, a Nevada Limited Partnership ("SHF 682") and SLP Housing I, LLC ("SLP" and together with SHF 682, "Defendants"[1]), we request a pre-motion conference to propose filing a motion for partial summary judgment. Your Honor may recall that during the oral argument on the Plaintiff's Motion to Remand, Your Honor indicated that such an early motion might be appropriate in light of the predominantly legal issues presented in the case. In addition, Magistrate Judge Scanlon scheduled a conference for November 19 to address the parties' views as to such a motion. However, in light of the request of Plaintiff Riseboro Community Partnership Inc. ("Riseboro") for a pre-motion conference, we submit our request now for the convenience of the Court.

  Defendants are entitled to summary judgment concerning Riseboro's first and second causes of action for declaratory relief and Defendants' first counterclaim for declaratory relief. These claims turn on two questions of pure legal interpretation: <u>first</u>, the meaning and intent of 26 U.S.C. § 42(i)(7) which, the parties agree, authorizes a right of first refusal to a qualified entity; and <u>second</u>, the interpretation of the Amended and Restated Agreement of Limited Partnership (the "Partnership Agreement") between Defendants and Third-Party Defendant 420 Stockholm Corp., which granted a right of first refusal to Riseboro in accordance with Section 42(i)(7). Both questions may be resolved by applying straightforward legal principles of statutory and contract construction and interpretation, as the facts relating to these issues are not in dispute.

  First, because there is no binding or precedential authority on Section 42(i)(7), this Court should apply well-accepted and standard rules of statutory interpretation. When construing a federal statute such as Section 42(i)(7), only an interpretation by the U.S. Supreme Court or the Second Circuit may bind this Court. *See Portalatin v. Graham*, 624 F.3d 69, 84 (2d Cir. 2010) (holding that a decision by the state's highest court is not precedential on questions of federal

---

[1] 420 Stockholm Street Associates, LP (the "Partnership") is nominal defendant only. Compl. ¶ 7.

Honorable Raymond J. Dearie
October 29, 2019
Page 2

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

law). According to the plain meaning rule of statutory construction, this Court should interpret and apply the plain language of the statute before resorting to the legislative history of the statute or other extrinsic evidence of congressional intent. *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013).

Importantly, the plain meaning rule involves reading the text in the context of all existing law, and assumes "Congress is aware of existing law when it passes legislation." *Hall v. U.S.*, 566 U.S. 506, 516 (2012); *see also Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 528 (1990) (Scalia, J., concurrence) (reasoning that statutes should be read in the manner "most compatible with the surrounding body of law into which the provision must be integrated"). Therefore, when Congress uses a term or phrase defined by the common law, there is a strong presumption that Congress intended to incorporate its common law meaning. As the Supreme Court has stated repeatedly: "absent other indication, 'Congress intends to incorporate the well-settled meaning of the common-law terms it uses.'" *U.S. v. Castleman*, 572 U.S. 157, 162 (2014) (quoting *Sekhar v. U.S.*, 570 U.S. 729, 732 (2013)). The Supreme Court has also quoted Justice Frankfurter: "if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." *Sekhar*, 570 at 733 (quoting Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L.Rev. 527, 537 (1947)). This federal rule of statutory interpretation is also necessary in our federal system because the displacement of existing state law is strongly disfavored unless Congress expresses its intent to do so unambiguously. *See, e.g., Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008) (applying the presumption against federal preemption of state law); *United States v. Kimbell Foods*, 440 U.S. 715 (1979) (applying a presumption against congressional authorization for new areas of federal common law (i.e., judicial lawmaking)).

Here, the statute merely provides, in pertinent part: "No Federal income tax benefit shall fail to be allowable to the taxpayer . . . merely by reason of a right of 1st refusal held by . . . a qualified nonprofit organization . . . to purchase the property after the close of the compliance period for a price which is not less than the minimum purchase price determined under subparagraph (B)." Congress did not define the words "right of 1st refusal" in the statute; hence, the text does not identify a special type of "right of 1st refusal" different from the existing common law. Instead, the plain purpose of this language is to create a safe harbor in the context of the Low Income Housing Tax Credit ("LIHTC") program that *allows* an owner to grant a right of first refusal under existing law to a qualified entity, without suffering adverse federal tax consequences. Without this provision, the "economic substance" doctrine (also known as the "sham in substance" doctrine) would deem the holder of such a below-market right of first refusal to be the "owner" of the property for tax purposes. *See* 26 U.S.C. § 7701. That result would defeat the purpose of the LIHTC program by allocating the favorable tax attributes generated by the program to non-profit organizations that did not pay for them and cannot use them.

Under federal rules of statutory construction, it must be assumed that Congress was aware of the common-law meaning of "right of 1st refusal" and intended to incorporate the common-law understanding of those words in Section 42(i)(7). Under the common law of New York (and the other states), the phrase "right of 1st refusal" has a well-developed meaning: it grants only a preemptive right because its holder may only exercise it after certain conditions precedent are satisfied. *See, e.g., LIN Broad. Corp. v. Metromedia, Inc.*, 74 N.Y.2d 54, 60 (1989); Right of First Refusal, Black's Law Dictionary (10th Ed. 2014). The conditions precedent or pre-requisites that

Honorable Raymond J. Dearie
October 29, 2019
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

must be satisfied include a genuine and honest intent by the owner to sell, receipt of a bona fide offer from a third party, and complete and binding terms in the third-party offer, among others. *See id.* at 63-64. According to the allegations in the Complaint in this case, Riseboro admits that *none* of the conditions required by New York law has been satisfied. Compl. ¶¶ 30-35. Instead, Riseboro claims to be exempt from these requirements because of its subjective view of congressional intent in enacting Section 42(i)(7). Compl. ¶¶ 49, 50, 52.

Contrary to Riseboro's assertions, Section 42(i)(7) does not evidence any intent to create a special federal right of first refusal. In construing a federal statute, a strong presumption applies against any intent by Congress to authorize federal courts to create a new body of federal common law to supplant existing state law. *See Kimbell Foods*, 440 U.S. at 740; *Castleman*, 572 U.S. at 162. Section 42(i)(7) imposes two limited conditions on a "right of 1st refusal": the right may be granted only to certain parties, such as a qualified nonprofit; and it must have a floor price "which is not less than" the "minimum purchase price" of outstanding indebtedness plus taxes. The statute does not describe what is a "right of 1st refusal," how it may be exercised, or when it accrues. Therefore, abrogating or ignoring the existing state common law in this context would require federal courts to define and develop an entirely new body of federal common law, either supplanting or modifying the existing common law. Such a construction is strongly disfavored. There is no evidence that congress intended the federal courts to develop a separate and distinct body of law for a "Section 42 ROFR," as referenced in the Complaint.

In short, Riseboro's proposed interpretation of Section 42(i)(7) is contrary to federal rules of statutory construction, would require a new body of federal common law disfavored by substantial precedents, and is not supported by the express language and explicit intent of the statute. Moreover, Riseboro's interpretation would require preempting or supplanting long-standing state law requirements governing rights of first refusal and effectively turning the right of first refusal into an option, exercisable at the holder's sole discretion, regardless of the owner's willingness to sell and whether a third-party offer is made—let alone a bona fide offer.[2]

Finally, turning to the terms of the Partnership Agreement, Section 12.03 provides that "[o]n or after the end of the 15-year Compliance Period, [Riseboro], if it is at that time a qualified nonprofit corporation, shall have a right of first refusal to purchase the Apartment Complex for the price equal to" the minimum purchase price specified in Section 42(i)(7). This language is sufficiently clear, under the existing New York law concerning rights of first refusal, to specify that the parties intended only a preemptive right, which might only be exercised pursuant to certain conditions precedent. Riseboro admits that the conditions required by New York law have not been satisfied. *See, e.g.*, Compl. ¶¶ 30-35, 49. Therefore, the right of first refusal has not accrued, and Riseboro may not exercise it.

For the foregoing reasons, Defendants respectfully request that they be permitted to file a motion for partial summary judgment addressing the foregoing issues, and they request a hearing.

---

[2] Defendants believe the statute may be interpreted pursuant to its plain meaning and according to existing federal rules of construction; however, Defendants request that the Court expressly preserve the parties' rights to present and assert further evidence of legislative history and congressional intent at a later time should the Court deem it necessary to do so.

Honorable Raymond J. Dearie
October 29, 2019
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

*s/ Louis E. Dolan, Jr.*

Louis E. Dolan, Jr.


cc:     Goldstein Hall PLLC
        Attorneys for Plaintiff