

Client Focused. Results Driven.

Brian J. Markowitz
(646) 768-4127
bmarkowitz@GoldsteinHall.com

November 22, 2019

**VIA ECF AND PERSONAL DELIVERY**
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   **RiseBoro Community Partnership Inc., against**
> **SunAmerica Housing Fund No. 682, et al.**
> **Docket No. 18-cv-07261 (RJD)**

Hon. Judge Dearie:

      This office represents Plaintiff and Third-Party Defendant in the above referenced action currently pending before your Honor.  I am writing pursuant to Your Honor's Individual Motion Practice Rules IIIA seeking permission to file a motion to dismiss the Third-Party Complaint filed herein.

      Defendants SunAmerica Housing Fund No. 682 and SLP Housing I, LLC (collectively, "SunAmerica") served their Third Party Complaint, in a further attempt to wrestle control of this LIHTC project in express violation of IRS code, 26 U.S.C. §42(i)(7) ("Section 42").  At bottom, SunAmerica's argument rests on the flawed interpretation that, despite receiving millions of taxpayer dollars through LIHTC credits over a 10-year period, along with depreciation and losses, SunAmerica, without regard to any rights of the not-for-profit organizations trying to perpetuate affordable housing, can take over the project at the end of the compliance period, and any attempt by the not-for-profit entity to exercise its contractual rights, is an alleged breach of contract and breach of a fiduciary duty.  Indeed, SunAmerica's actions here are solely an attempt to chill not-for-profits from exercising their rights, which are expressly granted to them in the operating agreement.  SunAmerica's contentions run contrary to the basis of the parties' intent when they formed the deal and run contrary to the basis of the deal with the City/State regulatory agencies who extended loans and provided the regulatory framework under which the LIHTC credits were taken.  It is beyond imagination that the regulatory agencies would expend millions of dollars to create low income housing and then to permit for profit investors, such as SunAmerica, to take control of the projects without regard to the not-for-profits rights.

      As an initial matter, the entire Third-Party Complaint is based on the flawed approach that Plaintiff's attempt to exercise its contractual right of first refusal is, in and of itself, some form of breach of contract by the Third-Party Defendant.  This entire theory is belied by the fact that the underlying Partnership Agreement, is, and continues to be, in full force and effect.  At no time has Third-Party Defendant breached the agreement.  Indeed, the apartment complex is still owned by the Limited Partnership.  As such there has not been any repudiation or breach of the agreement by the Third-Party Defendant.  On the contrary, by SunAmerica refusing to honor the Right of First Refusal as agreed to in the Partnership Agreement, it is SunAmerica who is in breach.

      Second, the Third-Party Complaint wholesale confuses Third-Party Defendants 420 Stockholm Corp. ("Stockholm") with Plaintiff RiseBoro Community Partnership Inc. ("Plaintiff").  The



Client Focused. Results Driven.

Page **2** of **4**

Third-Party Complaint conflates actions allegedly taken by RiseBoro and uses those actions to premise liability against Stockholm.  SunAmerica attempts to argue that because it alleges that RiseBoro is the sole shareholder of Stockholm that they are one and the same.  This fiction is not supported.  The two companies are separate and distinct entities and alleged actions or inactions of one are not attributable to the other.  Further, SunAmerica does not allege fraud.  The primary purpose of tax credit limited partner consent rights to sale, generally, is to ensure that the underlying property is not transferred prior to a tax credit investors receipt of all tax credits.  SunAmerica received all of its tax credits.  In addition, Section 42 statutory scheme has a built in mechanism to ensure that the transfer of the property does not occur until all the tax credits are delivered because the Right of First Refusal does not spring into effect until after the expiration of the Compliance Period.  Section 42 tax credits, however, are all delivered prior to the expiration of the Compliance Period.  Accordingly, limited partner consent to the Right of First Refusal exercise is not functionally necessary.  The basis of SunAmerica's bargain was a certain yield on its investment based primarily on the receipt of tax benefits.  SunAmerica has never alleged a failure in the delivery of such tax benefits.

Against this backdrop, the Third-Party Complaint must be dismissed.  SunAmerica's first claim seeks a declaratory judgment "that Stockholm and RiseBoro may not unilaterally allow or cause the ROFR granted in the Partnership Agreement be exercised, unless and until all the conditions necessary for the exercise of a right of first refusal under the law of New York and the Partnership Agreement have been satisfied." (Third-Party Complaint at ¶ 45.)  However, Stockholm is not seeking to exercise the Right of First Refusal.  The Right of First Refusal is held by RiseBoro pursuant to the express terms of the Partnership Agreement.  RiseBoro, the Plaintiff in the main action is seeking, *inter ali*a, to exercise its Right of First Refusal.  SunAmerica has asserted a counterclaim against RiseBoro seeking the exact same relief as the first claim herein – the sole claim that RiseBoro did not seek to dismiss. Because the Right of First Refusal holder is RiseBoro and not Stockholm, and SunAmerica has already asserted a declaratory judgment claim against RiseBoro, the first claim cannot stand and must be dismissed.

The second claim asserted by SunAmerica seeks to impose liability based on an alleged breach of contract by Stockholm, alleging that Stockholm repudiated its current and future obligations to protect the interests of SunAmerica.  First, this claim just plainly does not make sense.  SunAmerica claims to own 99.9% of the partnership.  The Partnership Agreement expressly provides that the General Partner cannot take any of the actions alleged in the Third-Party Complaint without the consent of SunAmerica. Further, other than its mere self-serving statements, SunAmerica cannot point to any action taken or inaction of Stockholm that breaches the contract or fails to protect SunAmerica.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) (If Plaintiff failed to "provide the grounds upon which [its] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level,'" the Court should dismiss the Complaint.) *quoting Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).  It is important to note that when RiseBoro attempted to exercise its right of first refusal, SunAmerica wrongfully and in contradistinction to the express terms of the Partnership Agreement, rejected that right.  RiseBoro was left with no option but to seek judicial intervention.  Clearly, SunAmerica did not need Stockholm to protect its interests, SunAmerica outright rejected the lawful exercise of the right of first refusal.  Section 10.01 of the Partnership Agreement prohibits the limited partner from participating in the active management of the Partnership's business in such a manner which could jeopardize its limited liability. We believe that SunAmerica is in breach of Section 10.01 of the Partnership Agreement because it is

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
**NYC** 646.768.4100  **HV** 914.713.6402  **F** 646.219.2450  **E** info@goldsteinhall.com  **W** www.goldsteinhall.com



Client Focused. Results Driven.

Page **3** of **4**

proactively participating in the management of the Partnership, and such actions could jeopardize its limited liability status.

Further, to the extent that SunAmerica is claiming that Stockholm anticipatorily repudiated the Partnership Agreement, such a claim is insufficiently plead. To sustain a cause of action sounding in anticipatory repudiation, there must be some "express and absolute refusal to perform, or some voluntary act on the part of the individual which renders it impossible for them to perform". *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 A.D.3d 804, 807, 921 N.Y.S.2d 260, 264 (2011).  Here that is not the case.  The Partnership Agreement is still in effect.  The apartment complex is still operating.  SunAmerica received all of its Section 42 tax credits and continues to receive other tax benefits.  There has not been any repudiation, and as such, the second claim must be dismissed.

The third claim alleges a breach of a fiduciary duty and must fail for the same reasons set forth above.  SunAmerica once again conflates RiseBoro and Stockholm and attempts to premise liability against Stockholm for RiseBoro's exercise of its Right of First Refusal.  Stockholm has not breached the alleged fiduciary duties to SunAmerica because the complained of actions were taken by RiseBoro. RiseBoro is simply trying to effectuate the Right of First Refusal to which SunAmerica and Stockholm agreed on August 14, 2000.  Further, even if these actions can be attributable to Stockholm, RiseBoro's commencement of an action to adjudicate its rights under the Partnership Agreement cannot be deemed to be a breach of a fiduciary duty (as opposed to SunAmerica's breach of contract and breach of fiduciary duty by not permitting the lawful exercise of the right of first refusal. Accordingly, the third claim must be dismissed.

Lastly, the fourth claim seeks indemnification from Stockholm.  However, the Third-Party Complaint misquotes the applicable indemnification provision.  The Indemnification provision is contained in paragraph 4.01(bb) of the Partnership Agreement and states in pertinent part: "The General Partner shall indemnify and hold harmless the Investment Partnership against a breach of any of the foregoing representations, warranties and covenants and any damage, loss or claim caused thereby, including reasonable attorneys' fees and costs and expenses of litigation and collection."  According to the plain language of the indemnification provision, the breaches are those breaches of the provisions of  4.01 of the partnership agreement, not any alleged breaches of the entire agreement as alleged by SunAmerica.  The Third-Party Complaint alleges two breaches of a provision of 4.01, both of which are misquoted, 4.01(i) and  4.01(n). First 4.01(i)'s language regarding consummation of the "transactions contemplated by the agreement" is obviously directed at the purchase of the apartment complex and the entering into the LIHTC project.  It is not directed at the right of first refusal.  Similarly, the right of first refusal is not implicated in 4.01(n), but rather provides that the partnership will continue to be a "limited partnership" and that the Limited Partner will continue to have limited liability.  It does not deal with in any way the issue of exercising the right of first refusal.  Any other reading of 4.01(i) and 4.01(n) strains the boundaries of logic.

Accordingly, Third Party Defendant respectfully requests a pre-motion conference seeking leave to file a motion to dismiss the Third-Party Complaint.

Very truly yours,

S/ *Brian J. Markowitz*
Brian J. Markowitz

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV  914.713.6402  F  646.219.2450  E  info@goldsteinhall.com  W  www.goldsteinhall.com



Client Focused. Results Driven.

Page **4** of **4**

CC: Nixon Peabody LLP
   Attorney for Defendants
   Attn: Louis E. Dolan, Jr.
      Juan Luis Garcia
   Via ECF

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
**NYC** 646.768.4100  **HV** 914.713.6402  **F** 646.219.2450  **E** info@goldsteinhall.com  **W** www.goldsteinhall.com