# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Judith A. Lockhart**
**Partner**
•
*Direct Dial: 212-238-8603*
*E-mail: lockhart@clm.com*

2 Wall Street
New York, NY 10005-2072
•
Tel (212) 732-3200
Fax (212) 732-3232

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

March 20, 2020

**BY ECF**

Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *RiseBoro Community Partnership Inc. v. SunAmerica Housing Fund No, 682, et al.,* 18-CV-07261 (RJD/VMS)

Dear Judge Dearie:

  Carter Ledyard & Milburn LLP, with the assistance of Hillis Clark Martin & Peterson P.S., represents the proposed amici – 34 New York-based nonprofits focused on affordable housing, associations of New York-based nonprofits focused on affordable housing, other regional nonprofits focused on affordable housing, and national organizations committed to promoting the development and maintenance of affordable housing around the country. Collectively, these organizations have dedicated countless decades to the development and preservation of affordable housing. They have been responsible for developing or managing tens of thousands of units of affordable housing in New York state alone.[1] I respectfully submit this letter motion on behalf of the proposed amici to seek the Court's permission to file the attached amici curiae brief in support of Plaintiff's Limited Issue Brief Regarding the Interpretation of the Right of First Refusal in the above-referenced case. In the alternative, pursuant to Rule III(A) of this Court's Individual Rules, I request a pre-motion conference to authorize leave to file an amici curiae brief.

  This action deals with an issue of vital public interest and import. Proposed amici have a significant interest in the outcome of this action, and in the outcomes of similar actions around the country. The eventual ownership of projects with which amici are involved may be at stake, as is the potential fate of a generation of low-income housing nationwide. Proposed amici offer

---

[1] The proposed amici are listed in the Appendix to the proposed brief and in my accompanying notice of appearance.

9403097.2

their brief to offer their perspectives on the substantial legal issue before the Court, the longstanding practices and expectations within the industry, and the importance of this issue to the maintenance of affordable housing in New York and nationwide.

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Verizon New York Inc. v. Village of Westhampton Beach*, No. CV 11-252 (AKT), 2014 WL 12843519, at *1 (E.D.N.Y. Mar. 31, 2014) (citations and quotations omitted). Accordingly, district courts "have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique perspective or information that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie City v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citations omitted). "The court is most likely to grant leave to appear as amicus curiae in cases involving matters of public interest." *Andersen v. Leavitt*, No. 3-cv-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citation omitted). Courts also grant leave when amici have a particular interest in the outcome of the action. *E.g.*, *Verizon*, 2014 WL 12843519, at *2.

Here, proposed amici have a significant interest in the central issue in this action: the Court's interpretation of Plaintiff RiseBoro's right of first refusal under Section 42(i)(7) of the Low Income Housing Tax Credit ("LIHTC") Statute ("Section 42"). This is an issue of vital public importance, and—in permitting removal of this action from state court—the Court has already recognized it is "substantial and will be applicable to many other LIHTC agreements nationwide that provide for a ROFR under 26 U.S.C. § 42(i)(7)." Dkt. 20 at 10. Many proposed amici are parties to just such agreements, and nonprofits all over the country are now facing resistance in exercising similar ROFR rights. *See, e.g.*, *Senior Hous. Assistance Grp. v. AMTAX Holdings 260*, LLC, No. C17-1115 RSM, 2019 WL 687837 (W.D. Wash. Feb. 21, 2019); *Homeowner's Rehab, Inc. v. Related Corp. V SLP, L.P.*, 479 Mass. 741 (2018).

Because of their interest in this litigation and their experience in the industry, proposed amici believe the Court would benefit from their perspective on the central legal issue. The brief proposed by amici touches on the experience and expectations of the industry relating to Section 42 rights of first refusal and offers the legal perspective of 34 other organizations not parties to this action. The proposed brief also places this legal issue within its wider context. The proposed brief will be helpful to the Court in deciding the issues before it and will permit a thoughtful and more complete airing of the issues. Consideration of the proposed brief will not delay resolution of the legal issue before the Court. See *Andersen*, 2007 WL 2343672, at *2 (proposed amicus briefs may be rejected if they would cause "prolonged" delay in the litigation).

-3-

     For the foregoing reasons, I respectfully request the Court's permission to file the amici curiae brief, a copy of which accompanies this letter, or in the alternative, a pre-motion conference concerning leave to file the brief.

                                                Respectfully submitted,

                                                /s/ Judith A. Lockhart

                                                Judith A. Lockhart

JAL/jl  
Attachment  
cc:    All Counsel of Record (via ECF)  
        Jake Ewart, Esq. (jake.ewart@hcmp.com)  
        Jessica Kerr, Esq. (jessica.kerr@hcmp.com)

9403097.2